[Crim. No. 3984.   Second Dist., Div. Two.   May 1, 1946.]

THE PEOPLE, Respondent, v. FRANK E. ERICKSON, Appellant.

Gladys Towles Root for Appellant.

Robert W. Kenny, Attorney General, and Henry A. Dietz, Deputy Attorney General, for Respondent.

WILSON, J.—Appellant was convicted of a violation of section 288 of the Penal Code. He filed an application for probation which was heard by the court and denied. He was then sentenced to San Quentin for the period prescribed by law. Thereafter he presented a motion to rehear his application for probation. After argument the motion was denied. Appellant appeals from the denial of his motion (1) to rehear probation and (2) to set aside the judgment. These are nonappealable orders.

There is no appeal from an order denying probation. (*People* v. *Bartley,* 12 Cal.App. 773, 775 [108 P. 868] ; *People* v. *Felix,* 58 Cal.App.2d 646, 650 [137 P.2d 472].) The order denying appellant's motion to rehear his application for probation is not an order made after judgment from which a defendant may appeal (Pen. Code, § 1237), but is equivalent to a second denial of his original application.

Appellant did not give notice of a motion to set aside the judgment, but if the statement of his counsel hereinafter mentioned may be considered as such it should have been denied. When a judgment has been regularly pronounced and is not void on its face the court is thereafter without authority to set it aside except in the mode provided by law, such as motion for a new trial or appeal. (*People* v. *Munger,* 119 Cal.App. 725, 726 [7 P.2d 195] ; *People* v. *Ramirez,* 139 Cal. App. 380, 381 [33 P.2d 848].) Appellant did not make application for a new trial before judgment (Pen. Code, § 1182) and he has not appealed from the judgment.

Unless exceptional circumstances exist (which are not present in this case) a party who has the right to appeal from a judgment and fails to exercise that right is not permitted to move to set it aside and then appeal from the order denying his motion. (*People* v. *Carkeek,* 35 Cal.App.2d 499, 503 [96 P.2d 132] ; *People* v. *Simpson,* 41 Cal.App.2d 526, 527 [107 P.2d 262] ; *People* v. *Bowles,* 135 Cal.App. 514, 516 [27 P.2d 411].)

The statement of appellant's counsel upon argument of the motion to rehear probation that she wished ''the motion to show . . . that the defendant at this time, after judgment has been pronounced, is seeking under a motion in arrest of judgment and a motion to set aside the judgment,

in the spirit of a motion for a new trial," was a vain effort to induce the court to rule on questions that had been waived by failure to raise them at the proper time. Motions are not made in spirit but must be made in fact and within the time provided by statute. (Pen. Code, §§ 1182, 1185.)

The appeal is dismissed.

Moore, P. J., and McComb, J., concurred.