[Civ. No. 18562.   Second Dist., Div. Two.   Oct. 4, 1951.]

IDA L. SANDERS, Appellant, v. JOANN WARDEN, as Administratrix, etc., Respondent.

Emmett E. Patten and Glen A. Duke for Appellant.

Paul R. Matthews for Respondent.

McCOMB, J.—Plaintiff appealed from a judgment of nonsuit granted against her in an action to recover for services rendered to Francis E. Sanders during his lifetime.

The record in this court discloses the following:

1. May 12, 1951, the record on appeal was filed.

2. June 13, 1951, plaintiff was notified that unless an "opening brief is . . . filed within 30 days after this notice, the appeal . . . will be dismissed unless good cause is shown for relief from default.  (Rule 17a.)"*

3. July 16, 1951, plaintiff applied for relief from default which application was denied.

_____

*Rule 17(a), Rules on Appeal, 36 Cal.2d 17, reads:

"If the appellant's opening brief is not filed within the time prescribed in subdivision (a) of Rule 16, the clerk of the reviewing court shall notify the parties by mail that if the brief is not filed within 30 days after the date of mailing of the notification, the appeal will be dismissed, unless good cause is shown for relief.  If a sufficient written showing of excuse is made within such 30-day period, the Chief Justice or Presiding Justice may grant additional time to file the brief subject

4. July 17, 1951, a brief not having been filed by plaintiff, the appeal was dismissed by the court.

5. July 27, 1951, on plaintiff's ex parte application, the Presiding Justice directed that appellant's opening brief be filed and the order of dismissal vacated.

6. Defendant has filed a brief to which plaintiff has replied and both parties have stipulated that the cause may be submitted.

■ Defendant questions the jurisdiction of this court to hear the appeal upon its merits, contending that since the appeal was dismissed on July 17, 1951, pursuant to the provisions of rule 17(a), Rules on Appeal, *supra*, this court lost jurisdiction to hear the appeal on its merits, and that the purported order of July 27, 1951, attempting to set aside the order dismissing the appeal was void.

This objection is sound. After an appeal has been dismissed by the court it may be reinstated only *by the court* (1) for good cause shown by affidavit, and (2) after notice to the opposite party, pursuant to the provisions of section 473 of the Code of Civil Procedure. (*Cf. Drummond* v. *West,* 212 Cal. 766, 768 et seq. [300 P. 823] ; *Hagar* v. *Mead,* 25 Cal. 598, 599 et seq.; *Dorland* v. *McGlynn,* 45 Cal. 18.)

Applying the foregoing rule to the record in the instant case it is apparent that there is no showing in the record that plaintiff met any requirement of the rule. Therefore the purported order of July 27, 1951, is void, the cause is ordered off calendar, and the clerk is directed to issue a remittitur forthwith.

Moore, P. J., and Wilson, J., concurred.

---

to such conditions as he may deem proper to impose; otherwise the appeal may be dismissed forthwith.

"If the brief is not filed within the time granted by the Chief Justice or Presiding Justice, the appeal may be dismissed forthwith. If the notification is not mailed by the clerk or the appeal is not dismissed on the court's own motion, the respondent may move to dismiss the appeal. [As amended, effective Jan. 1, 1951.]"