[Crim. No. 1202.   Fourth Dist.   Apr. 25, 1956.]

THE PEOPLE, Respondent, v. VERNON H. COX, Appellant.

Vernon H. Cox, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

BARNARD, P. J.—This is an appeal from an order denying an application for a writ of error *coram nobis.*

The defendant was charged in one action in the superior court with the crime of petit theft with a prior felony conviction, and pleaded guilty to that charge. In another action he was charged with the crime of robbery and three prior felony convictions. After a trial by jury, being represented by counsel, he was found guilty on that charge and the crime was fixed as robbery in the first degree. Judgment was entered on October 25, 1954, sentencing him to imprisonment on both charges, it being ordered that the sentence in the first of these actions run concurrently with the sentence in the other. No notice of appeal from that judgment was filed.

On May 10, 1955, the defendant filed a petition for writ of error *coram nobis.* Apparently, it was intended to relate only to the second action in which there was a jury trial. The district attorney filed a verified answer to this petition and the matter was heard on June 3, 1955, at which time several affidavits were received and considered by the court. The defendant was represented at that hearing by court appointed counsel. The petition was denied on June 9, 1955, and the defendant has appealed from that order.

The appellant first contends that he filed a notice of appeal on October 25, 1954. It is alleged in his petition that he filed this notice at that time by writing a letter to the clerk ''and deposited the letter in the United States mails with the postage prepaid.'' It appears by the affidavit of the clerk that no such

notice was received. ■ Moreover, any question as to whether an appeal was filed within the time allowed is not reviewable in this proceeding, since it must have occurred after judgment and would not have prevented a rendition of the judgment had it been known to the court.

■ It is next contended that the defendant was denied the right to have "compulsory process" to obtain witnesses in his favor. Not only could this matter have been corrected on motion for a new trial or by appeal, but there is nothing in the record to sustain this claim. The appellant attached to his brief an affidavit dated May 6, 1955, signed by a Mr. and Mrs. Booth stating that they would have been willing to testify that the appellant was at his own home at the time the crime was committed. There is also attached the affidavit of the appellant's wife dated July 18, 1955, stating that the appellant was with her during the time the crime was committed. The latter affidavit was not even presented to the trial court, and Mr. and Mrs. Booth were next door neighbors of the appellant and his wife. ■ No sufficient reason appears why such evidence was not produced at the proper time and, aside from its being merely cumulative, the matter is not reviewable in this proceeding. The fact that process was refused was also denied in one of the affidavits filed.

■ It is contended that the appellant was "oppressed and secreted by the prosecution and petitioner's attorney." It seems to be argued in this connection that two named police officers tried to induce the appellant to admit that he had committed other unsolved crimes in Fresno. It is not alleged that a confession was obtained as to the robbery involved in the second action, and the affidavit of the district attorney denied that any confession was offered or used at the trial. If any error existed in the admission of evidence concerning other offenses that matter is not reviewable here.

■ The contention that appellant's counsel did not perform his duty is not supported by the record before us, was denied by the affidavit of the district attorney, and is a matter that should have been raised on a motion for a new trial or on an appeal.

■ It is contended that the appellant was convicted by "very irregular and doubtful testimony." It is argued that there was no sufficient identification of the appellant as the one who committed the robbery. The affidavit of the district attorney states that the defendant was positively identified by

the testimony of two witnesses, and the facts were within the knowledge of the trial judge.

█ Some contention is made that the court committed error by permitting the appellant to be prosecuted by ''devious and fraudulent manners.'' Not only were the things claimed in this connection reviewable on a motion for a new trial or on an appeal, but nothing appears in this regard which could not have been presented to the trial court before judgment.

█ Finally, it is contended that the appellant was ''suffering from a state of duress, he did not know or understand what was taking place in the court room.'' Again this was denied by the affidavit of the district attorney, it was within the observation of the trial judge, and the contention is not factually supported by the record before us.

The record supports the action of the trial court in denying the petition with respect to all of the contentions here raised. (*People* v. *Martinez*, 88 Cal.App.2d 767 [199 P.2d 375] ; *People* v. *Gennaitte*, 127 Cal.App.2d 544 [274 P.2d 169].) With the exception of the first, all of these matters could and should have been raised on a motion for a new trial or on an appeal. As to the first matter, while relief could have been had in another proceeding if the facts had justified such relief, the matter is not one which may be considered on an application for a writ of error *coram nobis*.

The order appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.