[Crim. No. 7683. Second Dist., Div. Two. Nov. 15, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. JESSE JAMES CANTRELL, Defendant and Appellant.

Jesse James Cantrell, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

ASHBURN, J.—Defendant was found guilty of the crime of arson, in violation of Penal Code § 447a[1] and, on June 17, 1954, was sentenced to State Prison for the term prescribed by law. An appeal taken by defendant from this judgment was dismissed on December 27, 1954, pursuant to rule 17(a) and rule 30, Rules on Appeal, no appellant's brief having been filed.

On March 8, 1961, defendant filed a motion for modification of judgment, which motion was denied on that date. This is an appeal from the "final judgment" (presumably the judgment of June 17, 1954), and from the order denying motion for modification of that judgment. Obviously the time to appeal from the 1954 judgment has long since passed and the attempted appeal therefrom must be dismissed.

Appellant claims that the order denying motion to modify judgment is appealable under Penal Code, section 1237, subdivision 3, as an "order made after judgment, affecting the substantial rights of the party." The People urge that it is not an appealable order; they also treat the motion as one seeking an order to vacate the judgment in the nature of a

---

[1] "Whereas the said defendant, having been duly found guilty in this Court of the crime of ARSON (Sec. 447a P C), a felony, as charged in the information, to-wit: set fire to and burn the dwelling house building at number 7631 Emil Avenue, in the County of Los Angeles."

petition for writ of error *coram nobis*, and contend that as such the order should be affirmed upon the merits.

In his motion to modify, appellant first alleges that the evidence submitted fails to sustain the judgment and sentence. This is based upon the claim that "no evidence was introduced other than the preliminary transcripts"; that "the preliminary evidence in this case should not have been relied on as the only basis to the Judge's conclusion of guilt"; that "your petitioner was unaware that such evidence could have been waived"; that the trial judge stated "that he had petitioner's transcripts" and "refused to read them because he knew what was in them and had already found petitioner guilty—indicating he had formed a prior opinion of guilt before the trial, denying a fair trial and due process of law." For these reasons appellant contends the judgment is void.

Appellant next asserts that arson, although not divided into degrees, includes crimes having different prescribed punishments, and that the trial judge "did not sentence petitioner as law prescribes, but sentenced him only to Chino State Prison." Appellant's argument in this respect appears to be that he should have been sentenced under Penal Code section 448a, prescribing a punishment of one to ten years, rather than under section 447a providing for a two to twenty-year sentence. In essence the argument is that the evidence does not sustain a conviction under section 447a.[2]

Appellant further claims that the plea of guilty by reason of insanity was not properly presented to the court as it was "the public defender's idea" and not his.

---

[2]There is no question involved as to the failure of the court, before passing sentence, to determine the degree of the crime. (Pen. Code, § 1192.) Since 1929, arson has not been divided into degrees. Section 447 as enacted in 1872 defined arson as "the willful and malicious burning of a building, with intent to destroy it." And section 453 then divided the crime into two degrees. These statutes were repealed in 1929 and sections 447a et seq. were adopted.

Section 447a (in effect at time of trial herein) provided that "Any person who wilfully and maliciously sets fire to or burns or causes to be burned . . . any dwelling house, or any kitchen, shop, barn, stable or other outhouse that is parcel thereof, or belonging to or adjoining thereto, . . . shall be guilty of arson, and upon conviction thereof, be sentenced to the penitentiary for not less than two or not more than twenty years."

Section 448a: "Any person who wilfully and maliciously sets fire to or burns or causes to be burned . . . any barn, stable, garage or other building, . . . not a parcel of a dwelling house; or any shop, storehouse, warehouse, factory, mill or other building . . . ; or any church, meeting-house, courthouse, workhouse, school, jail or other public building or any public bridge; shall, upon conviction thereof, be sentenced to the penitentiary for not less than one nor more than ten years."

The motion concluded with the request that the judgment be "modified to a lesser degree or to an offense of lesser degree enumerated within the code and statute."

Not only are the above contentions unsupported by anything in the record, but they could have been raised on a motion for new trial, or by the appeal which appellant started but never completed.

 Where a judgment is not void on its face and has been regularly entered the court has no authority to modify or set it aside except in the mode provided by law, such as a motion for a new trial or appeal. (*People* v. *Erickson,* 74 Cal.App.2d 339, 340 [168 P.2d 417]; *People* v. *Ramirez,* 139 Cal.App. 380, 381, 383 [33 P.2d 848]; *People* v. *Mason,* 163 Cal.App.2d 630, 632 [329 P.2d 614].) "Unless exceptional circumstances exist . . . a party who has the right to appeal from a judgment and fails to exercise that right is not permitted to move to set it aside and then appeal from the order denying his motion. [Citations.]" (*People* v. *Erickson, supra,* p. 340.)

In *People* v. *Brattingham,* 91 Cal.App. 527, 528 [267 P. 120], appellant, as at bar, contended that an appeal from an order denying a motion for modification of judgment was "authorized by subdivision 3 of section 1237 of the Penal Code, which provides that an appeal may be taken from an order after judgment affecting the substantial rights of defendant. It is also said that the court has inherent power at any time to vacate a void judgment. Generally this is true, but the rule is well established that an order made after judgment is not appealable where the motion merely asks the court to repeat or overrule the former ruling on the same facts. As said in *De La Montanya* v. *De La Montanya,* 112 Cal. 101 [53 Am.St.Rep. 165, 32 L.R.A. 82, 44 P. 345], this is so because to permit such an appeal 'would be virtually allowing two appeals from the same ruling, and would in some cases have the effect of extending the time for appealing, contrary to the intent of the statute.' " *People* v. *Howerton,* 40 Cal.2d 217, 220 [253 P.2d 8] : " ' 'Substantial rights' under subsection three of section 1237 are not affected when defendant's objections concern matters that could have been reviewed on timely appeal from the judgment. [Citations.]"

Appellant cites, but misconstrues, the following passage from *People* v. *Thomas,* 52 Cal.2d 521, 527 [342 P.2d 889] : "To the statutory rule that 'An appeal may be taken by the defendant . . . from any order made after judgment, affect-

ing the substantial rights of the party' (Pen. Code, § 1237, subd. 3), there is a well established qualification . . . : Ordinarily no appeal lies from an order denying a motion to vacate a judgment of conviction on a ground which could have been reviewed on appeal from the judgment. [Citations.] In such a situation appeal from the judgment is an adequate remedy; allowance of an appeal from the order denying the motion to vacate would virtually give defendant two appeals from the same ruling and, since there is no time limited within which the motion may be made, would in effect indefinitely extend the time for appeal from the judgment. [Citation.] The considerations are the same whether the matters sought to be presented by motion to vacate actually were presented to the trial court prior to judgment of conviction or whether such matters should have been but were not so presented.'' The court holds: ''The remedy here sought [motion to vacate] is available, however, because the basis of defendant's attack on the judgment is that it is void. Fundamental jurisdictional defects, like constitutional defects, do not become irremediable when a judgment of conviction becomes final without appeal (or even after affirmance on appeal . . .) . . . And when such a motion is proper the ensuing order of denial is appealable even though the facts which constitute the claimed jurisdictional defect were known to all concerned, including the trial court, when sentence was pronounced.'' (Pp. 528-529.)

It is clear that appellant's motion has presented no fundamental jurisdictional defect, and the judgment is not void on its face. The errors, if any, are not such as to render the judgment void. (See *In re Bouchard,* 38 Cal.App. 441, 443 [176 P. 692]; *Ex parte Gibson,* 31 Cal. 619, 627 [91 Am.Dec. 546]; *People* v. *Carkeek,* 35 Cal.App.2d 499, 505 [96 P.2d 132].)

Appellant places particular reliance upon *People* v. *Walker,* 132 Cal. 137 [64 P. 133], in which it was held that defendant was entitled to appeal from the order denying his motion to correct the minutes and vacate the judgment for the reason that an appeal from the judgment would not have brought up a record showing the error of which defendant complained. Such is not the situation here insofar as the contentions of appellant, above summarized, are concerned. They encompass matters known to appellant at the time of trial and could have been reviewed upon an appeal from the judgment.

One further statement is contained in appellant's motion,— that he was "forced to drop said appeal under duress," referring to the dismissal of his appeal from the judgment of June 17, 1954. The assertion is completely unsupported, and appellant does not, nor could he, attempt to reinstate the appeal in this proceeding. (See *Chamberlain* v. *Reed,* 16 Cal. 207; *Sanders* v. *Warden,* 106 Cal.App.2d 707, 708 [236 P.2d 19].) If it is intended to be stated as a ground for modifying the judgment, it is unavailing since it refers to a fact, if it be a fact, occurring after judgment and which could not have prevented or affected in any manner the rendition of said judgment. (See *People* v. *Cox,* 141 Cal. App.2d 158, 160 [296 P.2d 72]; *People* v. *Cowen,* 118 Cal. App.2d 106, 107 [257 P.2d 79]; *People* v. *Coyle,* 88 Cal.App. 2d 967, 975 [200 P.2d 546]; *People* v. *Knight,* 73 Cal.App.2d 532, 535 [166 P.2d 899].)

The judgment is not void on its face, no jurisdictional problem is presented, and the matters urged which could in any way affect the judgment could have been raised upon an appeal from said judgment. In these circumstances the appeal from the order denying motion to modify is unauthorized and must be dismissed. (*People* v. *Brattingham, supra,* 91 Cal.App. 528, 529; *People* v. *Ramirez, supra,* 139 Cal.App. 380, 383; *People* v. *Erickson, supra,* 74 Cal.App.2d 339, 340; *People* v. *Ward,* 96 Cal.App.2d 629, 633 [216 P.2d 114]; *People* v. *Thomas, supra,* 52 Cal.2d 521, 527, 529.)

If the petition be regarded as one for a writ of error *coram nobis* the result is the same. All of the alleged points (except the claim concerning the dismissal of the appeal, which "is not that type of factual error or omission which can be reviewed on a writ of error *coram nobis,*" *People* v. *Cowan, supra,* p. 107), could have been raised upon an appeal, "[a]nd the writ cannot be used to serve the purpose of an appeal when this remedy was lost through failure to invoke it in time even though such failure occurred without fault or neglect on the part of the one seeking the remedy." (*People* v. *Fritz,* 140 Cal.App.2d 618, 621 [295 P.2d 449].) The unexplained delay of seven years is ground for denial of the writ. (12 Cal.Jur.2d § 9, p. 559.)

Appellant has appended to his opening brief on appeal [filed in propria persona] a document entitled "Motion for Diminution of Record. Ancillary Action," wherein he requests this court to supply him with copies of all records pertaining to the trial proceedings in which the judgment

of conviction was rendered. Appellant was furnished the normal record upon this appeal from the order denying the motion to modify judgment. (Rule 34, Rules on Appeal.) If intended as a motion to augment the record (rule 12) it is improper since the requested records were not offered or used on the hearing below. It is not in compliance with rule 23(b) as an application to this court for leave to produce additional evidence. In any event, any error of which appellant complains which might be found in the requested record can only be raised upon an appeal from the judgment; thus, although that record would be material upon such an appeal, it is not important here. (See *People* v. *Coyle, supra,* 88 Cal. App.2d 967, 977-978.) The motion is therefore denied.

The appeal from the judgment of June 17, 1954, and the appeal from order denying motion to modify judgment are and each of them is dismissed.

Fox, P. J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 9, 1962.