Filed 4/25/13  P. v. Jones CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B233588 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.  TA111994) |
| v. | |
| SPENCER JONES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Arthur M. Lew, Judge.  Dismissed.

John Doyle, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Linda C. Johnson and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Pretrial Proceedings and Plea*

On June 24, 2010, appellant Spencer Jones was charged by information with the crime of failing to register as a sex offender following an address change (Pen. Code, § 290, subd. (b)) and failing to update registration annually (§ 290.012, subd. (a).)[1]

In May 2010, shortly after his arrest, appellant had been given permission to represent himself in accordance with *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*). During his period of self-representation, he demurred and filed a motion to set aside the information under section 995, a motion to dismiss, two writ petitions, and a motion to disqualify a judge. On October 22, 2010, after denying appellant's motion to disqualify, the court found appellant had been disruptive in the courtroom and deceptive with respect to a ruling received from the Court of Appeal on one of his writ petitions, revoked his pro se status, and appointed an attorney to represent him. As soon as his appointed counsel appeared, appellant requested a *Marsden* hearing, contending they had a conflict.[2] The court denied the request.

In October 27, 2010, appellant pled nolo contendere to one count of failure to register under section 290, subdivision (b), and was sentenced to three years. He was given credit for time served and placed on probation. During the hearing on the plea and sentence, he made no reference to self-representation or conflicts with his appointed attorney.

---

[1] Appellant had been convicted of first degree rape in 1981 in Washington state. Undesignated statutory references are to the Penal Code.

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

B. *Motion to Vacate*

Following appellant's release in October 2010, he failed to fulfill the probation requirement of registering within five days. In January 2011, appellant appeared in court and provided proof of registration. His probation was revoked and reinstated.

On April 27, 2011, appellant filed a motion to vacate his plea, contending, among other things, that he had been very ill in September 2010 due to "overmedication, lack of medication, and abuse"; that he had signed the pro per policy memo "under extreme duress" without being given an opportunity to read, research and review the document; that the revocation of his pro se status and appointment of counsel on October 22, 2010 had been over his "repeated, strenuous objections"; that he had pled to the charge "because of imminent danger to [his] health and life"; and that the court lacked "competent jurisdiction" over him and the subject matter "because no complaint was ever signed by any complaining witness, endorsed by any magistrate and filed with the court, as required by . . . § 806." (Capitalization altered.) Appellant further contended that his case was transferred from one department to another "without jurisdiction or authority" and that the presiding judge was "without jurisdiction or authority" to rule on a disqualification motion directed at himself. The court set a hearing on the motion for May 27, 2011.

On May 24, 2011, appellant filed a motion to continue the hearing on the motion to vacate, contending he needed transcripts of all the prior hearings to "substantiat[e] [the] allegations" of the motion.[3]

---

[3] Appellant also filed a motion for change of venue and a motion to disqualify the presiding judge.

On May 27, 2011, the court denied the motion for continuance and heard and denied the motion to vacate. Appellant filed a notice of appeal and request for a certificate of probable cause, seeking to challenge the validity of his plea and the denial of his motion to vacate. He contended, among other things, that the court lacked jurisdiction over him. The court denied the request for a certificate of probable cause.

C. *Motion to Dismiss Appeal*

After appellant filed his opening brief, respondent moved to dismiss on the grounds that (1) appellant had raised matters pertaining to alleged violation of his *Faretta* and *Marsden* rights that should have been raised in an appeal from the final judgment of conviction;[4] and (2) appellant had failed to obtain the certificate of probable cause required by section 1237.5 following a guilty or nolo contendere plea.[5] Appellant opposed, contending that as the appeal had been taken from the denial of a motion to vacate, it required no certificate of probable cause; that the court had erred in refusing his request for a continuance to obtain transcripts of proceedings, denying him a "reasonable opportunity" to support his motion to vacate; and that he had raised or intended to raise issues pertaining to a

---

[4] Section 1237, subdivision (a) provides that "an order granting probation . . . shall be deemed to be a final judgment . . . ."

[5] Section 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where . . . [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings[;] [¶] (b) The trial court has executed and filed a certificate of probable cause . . . ."

fundamental jurisdictional defect.  By order dated September 26, 2012, we denied the motion to dismiss.[6]

## DISCUSSION

Appellant contends the trial court revoked his pro se status without good cause and violated his right of self-representation as set forth in *Faretta*, *supra*, 422 U.S. 806.  Because we conclude that the alleged violation of appellant's *Faretta* rights could have been raised on appeal from the judgment and that such violation, even if it occurred, does not undermine the court's fundamental jurisdiction, we do not address the merits.

A criminal defendant may appeal from "'a final judgment of conviction'" (*People v. Gallardo* (2000) 77 Cal.App.4th 971, 980 (*Gallardo*); § 1237, subd. (a); § 1466 subd. (b)(1)) or from an "'order made after judgment, affecting the substantial rights of the party." (*Gallardo*, *supra*, at p. 980; § 1237, subd. (b); § 1466, subd. (b)(2).)  An order denying a motion to vacate a judgment would seem to qualify as an "'an[] order made after judgment, affecting [the party's] substantial rights.'" (§ 1237, subd. (b); § 1466, subd. (b)(2); see *Gallardo*, *supra*, at p. 980.)  However, it is firmly established that such an order is not appealable "when the appeal would merely bypass or duplicate appeal from the judgment itself." (*Id.* at p. 981; accord, *People v. Totari* (2002) 28 Cal.4th 876, 882; *People v. Thomas* (1959) 52 Cal.2d 521, 527.)  "In such a situation . . . allowance of an appeal from the order denying the motion to vacate would virtually give defendant

---

[6]     An order denying a motion to dismiss an appeal is not law of the case, and does not preclude later full consideration of the issues raised following review of the entire record and the opportunity for oral argument.  (*Kowis v. Howard* (1992) 3 Cal.4th 888, 900; *Delmonico v. Laidlaw Waste Systems, Inc*. (1992) 5 Cal.App.4th 81, 83; *In re Christopher A*. (1991) 226 Cal.App.3d 1154, 1161.)

two appeals from the same ruling and, since there is no time limit[] within which the motion may be made, would in effect indefinitely extend the time for appeal from the judgment." (*People v. Thomas*, *supra*, at p. 527.)

There are situations, however, when a motion to vacate rather than a direct appeal may be appropriate. Among these are cases where the record on appeal would not have shown the error, or the judgment is void due to a fundamental jurisdictional defect. (*People v. Totari*, *supra*, 28 Cal.4th at p. 882; *Gallardo*, *supra*, 77 Cal.App.4th at p. 981; *People v. Thomas, supra,* 52 Cal.2d at p. 528; 6 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Criminal Appeal, §§ 66-67, pp. 342-343.) The denial of a motion to vacate in these situations is appealable, creating a conundrum for the appellate court because its determination of appealability requires it to delve into the merits of the appeal. (See *ibid.*; *People v. Thomas*, *supra*, at p. 529.) "[I]f, after consideration, the court determines the issue against the appellant, it necessarily decides that the order was not appealable." (6 Witkin & Epstein, *supra*, Criminal Appeal, § 69, p. 344; accord, *People v. Thomas, supra,* at p. 529 ["When the question of jurisdiction is presented by motion to vacate and by appeal from the order of denial, the appellate court's determination as to the appealability of the order will ordinarily depend upon its decision of the merits of the appeal, i.e., upon its determination whether there was indeed a jurisdictional defect."].) Where it is clear after review of the entire record and full consideration of the issues that the underlying motion raised no fundamental jurisdictional defect, that the judgment is not void on its face, and that the errors, if any, are not such as to render the judgment void, "the appeal from the order denying the motion to modify is unauthorized and must be dismissed." (*People v. Cantrell* (1961) 197 Cal.App.2d 40, 44-45.)

Here, the alleged improper revocation of appellant's pro se status could have formed the basis of an appeal after the court entered judgment in October 2010.

6

(See, e.g., *People v. Marlow* (2004) 34 Cal.4th 131, 146-147 [contention on appeal that trial court erred in denying *Faretta* motion not forfeited by defendant's plea of guilty on advice of subsequently appointed counsel]; *People v. Robinson* (1997) 56 Cal.App.4th 363, 370 ["[A] claimed *Faretta* violation may . . . properly be raised in an appeal from a guilty plea or plea of no contest."].) Appellant did not file a timely appeal of the judgment of conviction. He contends, however, that the appeal of the denial of his motion to vacate falls within the exceptions to the requirement of direct appeal because the alleged *Faretta* error created a fundamental or structural jurisdictional defect rendering the judgment void, and because records needed to prove his case would not have been available on appeal.[7] We address these contentions in turn.

"Our Supreme Court has explained that 'jurisdictional errors are of two types. "Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties." [Citation.]' [Citation.] The term 'lack of jurisdiction' may also be applied when the court possesses jurisdiction over the subject matter and parties in the fundamental sense but '"has no 'jurisdiction' (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites." [Citation.]' [Citation.] 'When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and "thus vulnerable to direct or collateral attack at any time." [Citation.]' [Citation.] By contrast, when a court has fundamental jurisdiction to

---

[7] Appellant's contentions were made in his reply brief, filed after denial of the motion to dismiss the appeal. Following denial of the motion to dismiss, appellant essentially abandoned his claim of *Marsden* error by failing to raise any argument that the alleged *Marsden* error led to the type of jurisdictional defect that rendered the judgment void, or that the records necessary to establish the alleged *Marsden* error would not have been available on appeal.

act but acts in excess of jurisdiction, its actions are merely voidable, '[t]hat is, its act or judgment is valid until it is set aside, and a party may be precluded from setting it aside by "principles of estoppel, disfavor of collateral attack or res judicata." [Citation.]' [Citation.]" (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1422, italics omitted, quoting *People v. American Contractors Indemnity Co*. (2004) 33 Cal.4th 653, 660-661.) An error which does not reach the power of the court to act, but concerns instead a mistaken application of law may not be collaterally attacked. (*Armstrong v. Armstrong* (1976) 15 Cal.3d 942, 950; see also *People v. Cantrell*, *supra*, 197 Cal.App.2d at p. 43 ["Where a judgment is not void on its face and has been regularly entered the court has no authority to modify or set it aside except in the mode provided by law, such as a motion for a new trial or appeal."]; *Hollywood Circle, Inc. v. Dept. of Alcoholic Beverage Control* (1961) 55 Cal.2d 728, 731 ["""[J]urisdiction [over the subject], being the power to hear and determine, implies power to decide a question wrong as well as right."""].)

The distinction between a lack of jurisdiction over the cause and an act in excess of jurisdiction was discussed in *People v. Ramirez*, where the defendant admitted a probation violation in 2004 and the court allowed him to remain on probation but increased his previously imposed sentence. (*People v. Ramirez, supra,* 159 Cal.App.4th at p. 1417.) Two years later, following a subsequent violation, the court terminated his probation and ordered him to serve the longer sentence, at which time he appealed, contending the court lacked the authority to increase his sentence in 2004. (*Ibid*.) The Court of Appeal agreed that the trial court "exceeded its jurisdiction," but concluded that appellant was entitled to no relief. (*Ibid*.) "[B]y failing to heed the statute that precluded it from modifying appellant's sentence [citation], the court merely exceeded its jurisdiction but did not lack jurisdiction in any fundamental sense over appellant or the subject matter." (*Id*. at p. 1427.) Because "objections to acts in excess of a court's

8

jurisdiction may be subject to bars including waiver (the intentional relinquishment of a known right) and forfeiture (the loss of a right through failure of timely assertion)," appellant's claim failed because, among other things, he "forfeited his challenge to the . . . 2004 order by failing to seek a timely appeal from that order." (*Ibid*.)

While a *Faretta* violation represents structural constitutional error, requiring reversal on appeal (*People v. Robinson*, *supra*, 56 Cal.App.4th at p. 373), appellant cites no authority for the proposition that a *Faretta* violation renders an ensuing judgment of conviction void.[8] We discern no basis for concluding such error affected the court's fundamental jurisdiction. Were we to so hold, we would be inviting criminal defendants to challenge their convictions long after judgment was entered, when the chances of a successful new prosecution were minimized. Even assuming the court's decision to revoke appellant's pro se status was not supported, the trial court's error was a legal one, not one that reached its power to act. Appellant's motion to vacate thus represented a collateral attack on his conviction, based on an issue that could have been, but was not, raised in a timely direct appeal.

Appellant alternatively suggests that the document on which the trial court relied in accusing him of deception -- an order from this court denying appellant's writ petition in case No. B227535 -- was not available in the superior court's

---

[8]    In *People v. Kim* (2009) 45 Cal.4th 1078, 1095, the Supreme Court stated that claims of constitutional error, including an unconstitutional sentence, double jeopardy and ineffective assistance of counsel, were not cognizable in a petition for writ of error *coram nobis*, a procedure similar to a motion to vacate. (See *Gallardo*, *supra*, 77 Cal.App.4th at p. 982 [terms "'motion to vacate'" and "'petition for writ of error *coram nobis*'" often used interchangeably and "are similar in scope and effect"].)

records.[9]  Following the filing of the reply brief, appellant's counsel filed a motion to augment the record, stating that the subject order had been found in the record of the proceedings below, and providing a copy to include in the record on appeal. As this document was available and appellant identifies no other information important to appellant's case that might be missing from the record, we reject his intimation that direct appeal would not have been an adequate remedy.

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, J.

We concur:

EPSTEIN, P. J.

SUZUKAWA, J.

---

[9]    Appellant also contends the trial court erred in denying his motion to continue so that he could obtain transcripts of all the prior proceedings.  He identifies nothing in those transcripts -- currently included in the record on appeal -- that would have supported the myriad claims asserted in his motion to vacate.