Filed 2/21/14  P. v. Lott CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B251407 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA058860) |
| v. | |
| JONATHAN BOOKER LOTT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Roger Ito, Judge.  Dismissed.

Jill Ishida, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance on behalf of Plaintiff and Respondent.

Defendant, Jonathan Booker Lott, purports to appeal from a July 30, 2013 post-judgment order denying his motion to correct his sentence. The post-judgment motion argued that defendant had not been convicted of five felonies and there was an error in connection with an alleged mitigating factor. We noted the post-judgment order may not be appealable. (*People v. Cantrell* (1961) 197 Cal.App.2d 40, 43; *People v. Bowles* (1933) 135 Cal.App. 514, 516; see *People v. Thomas* (1959) 52 Cal.2d 521, 527; see 6 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) "Criminal Appeals," § 65 pp. 341-342.) We thus issued an order to show cause concerning possible dismissal and placed the matter on calendar. We have a duty to raise issues concerning our jurisdiction on our own motion. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126; *Olson v. Cory* (1983) 35 Cal.3d 390, 398.)

Defendant argues he is raising an issue of a legally unauthorized sentence which may be raised at anytime. (*People v. Scott* (1994) 9 Cal.4th 331, 354; *People v. Price* (2004) 120 Cal.App.4th 224, 241.) However, the gravamen of his post-judgment motion relates to non-jurisdictional constitutional matters involving *United States v. Booker* (2005) 543 U.S. 220, 230-237 and similar decisions. These issues are not of the character involving legally unauthorized sentences. (See *People v. Gonzalez* (2003) 31 Cal.4th 745, 751; *People v. Bonnetta* (2009) 46 Cal.4th 143, 152; *People v. Davis* (1981) 29 Cal.3d 814, 827, fn. 5.) Hence, his appeal must be dismissed. Of course, if there is an issue of legally unauthorized sentence or a non-jurisdictional error, defendant, who is represented by counsel, may file a habeas corpus petition. We will promptly consider any such petition.

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

KRIEGLER, J.

MINK, J.[*]

---

[*] Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.