Filed 2/10/16  P. v. Gratton CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B262219 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA053037) |
| v. | |
| RICHARD ALAN GRATTON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Christopher G. Estes, Judge.  Dismissed.

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, and Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.

Defendant, Richard A. Gratton, purports to appeal from an oral order denying his motion to modify the judgment. We recognized we may not have jurisdiction on direct appeal to consider the trial court's response to defendant's oral order denying his motion to modify the judgment. We have a duty to raise issues concerning our jurisdiction on our own motion. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126; *Olson v. Cory* (1983) 35 Cal.3d 390, 398.) Thus, we issued an order to show cause re: possible dismissal of defendant's appeal. We conclude we have no jurisdiction over defendant's appeal which seeks to modify the judgment.

On January 4, 2012, defendant was sentenced to prison for 10 years, 8 months. The sentence consisted of: four years for a violation of Penal Code[1] section 4573.6, subdivision (a), controlled substance possession in a jail (count1); eight months as a subordinate term for methamphetamine possession in violation of Health and Safety Code section 11377, subdivision (a) (count 3); and six years as a result of findings that defendant had served six prior prison terms within the meaning of section 667.5, subdivision (a). We previously affirmed the judgment. (*People v. Wood* (May 3, 2012, B230344) [nonpub. opn.].) And, we have previously given notice of our intention to judicially notice the record in connection with the 2012 appeal as well as the superior court file. (*People v. Gratton* (Mar. 10 & Apr. 27, 2015, B262219) [nonpub. orders].)

On an unspecified date, defendant filed a section 1170.18, subdivision (a) resentencing petition. We have judicially noticed the superior court file and there is no copy therein. On December 18, 2014, the trial court granted the resentencing petition as to count 3, methamphetamine possession and reduced the offense to a misdemeanor. The trial court denied defendant's request to reduce count 1, controlled substance possession in a jail, to a misdemeanor.

On January 13, 2015, defendant filed another section 1170.18, subdivision (a) resentencing petition. Other than a notation to a "Re-hearing," the petition makes no reference to any particulars. A hearing was held on February 3, 2015, on defendant's

---

[1]     Unless otherwise indicated, future statutory references are to the Penal Code.

second section 1170.18, subdivision (a) resentencing petition. The trial court began by stating: "[Defendant] had several cases on a nonappearance calendar yesterday for applications for resentencing, pursuant to Proposition 47, and if my memory serves correctly, there were three cases, all of which were approved and were reduced, and that includes MA008867, MA049409 and [MA046393]. . . . [¶] As to the case that we are addressing now, ending in -037, this petition has already been heard and ruled upon back on December 18, 2014." Case Nos. MA049409 and MA046393 resulted in prior prison terms which served as the basis for one year enhancements on the sentence imposed on January 4, 2012. Case No. MA008867, which was the basis of an allegation in the information, eventually did not result in the imposition of an additional one-year prior prison term enhancement.

After agreeing with the trial court's statement set forth in the immediately preceding paragraph, defense counsel stated: "Given that Proposition 47 and the passage of that, and the reduction on those three cases, it's the defense's position that those three cases that have now been reduced to a misdemeanor also, therefore, are not -- should not be considered a one-year prior for purposes of sentencing, and, therefore, the defense is asking the court to resentence [defendant] without those being included as part of his sentencing. So that would be a reduction of about three years of his sentence, based on that fact." The trial court denied defendants' resentencing request.

The denial of a motion to vacate the judgment is ordinarily nonappealable. (*People v. Banks* (1959) 53 Cal.2d 370, 378; *People v. Gallardo* (2000) 77 Cal.App.4th 971, 980.) In a similar vein, a postjudgment motion to modify the judgment is ordinarily not appealable. (*People v. Mendez* (2012) 209 Cal.App.4th 32, 34; *People v. Cantrell* (1961) 197 Cal.App.2d 40, 43.) Nor is the present matter appealable as being from the denial of a motion to correct a legally unauthorized sentence. An appeal from a postjudgment order in connection with a legally unauthorized sentence is appealable pursuant to section 1238, subdivision (a)(5). (*People v. Hamilton* (2003) 114 Cal.App.4th 932, 938; see *People v. Karaman* (1992) 4 Cal.4th 335, 345-346, fn. 11, 349, fn. 15.) A legally unauthorized sentence is one which a trial court has no authority to

3

impose.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 882 & fn. 3, 886-887; *People v. Scott* (1994) 9 Cal.4th 331, 354.)  The trial court had the jurisdiction to impose the 10 years, 8 months sentence on January 4, 2012.  Thus, we do not have jurisdiction over defendant's appeal from the denial of his oral sentence modification motion.  We express no opinion as to how we would respond to a habeas corpus petition properly raising these issues.

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.


We concur:


KRIEGLER, J.


KUMAR, J. *

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.