Filed 10/28/20  P. v. Massey CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C091501 |
| Plaintiff and Respondent, | (Super. Ct. No. 62095200) |
| v. | |
| KENNETH LEWIS MASSEY, | |
| Defendant and Appellant. | |

In 2011, defendant Kenneth Lewis Massey pled no contest to voluntary manslaughter (Pen. Code,[1] § 192, subd. (a)) and three counts of influencing testimony (§§ 137, 1170.15).  He also admitted a personal use of a deadly weapon enhancement as to the manslaughter charge.  (§ 12022, subd. (b)(1)).  The trial court sentenced defendant to the stipulated term of 11 years on the manslaughter conviction and a consecutive midterm of three years on each of the three counts for influencing testimony, plus a consecutive one-year term for the deadly weapon enhancement.

---

[1]     Undesignated statutory references are to the Penal Code.

1

In 2017, defendant filed petitions for writ of habeas corpus and error coram nobis, each asking the trial court to amend the sentence on the three counts of influencing testimony to one-third the midterm on one count and stay the remaining two counts. The trial court summarily denied defendant's petitions. The trial court specifically noted section 137 states the full middle term shall be imposed, and that by agreeing to a specified term, defendant abandoned any claim under section 654.

Later in 2017, the California Department of Corrections and Rehabilitation sent a letter to the trial court requesting it review its file and indicating the middle term for section 137 should be two years, not three.

In 2019, defendant submitted two requests that the trial court "correct" his sentence, one entitled "Penal Code section 1054.9 Discovery" and one entitled "Judicial Notice." The trial court denied both requests noting this was a stipulated sentence, the midterm sentence for section 137, subdivision (b) is a three-year term, and that three-year term was part of the basis of the plea. Defendant appealed.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. Defendant filed a supplemental brief reiterating his challenges to his sentence, and also claiming that the trial court did not properly set forth reasons for imposing the midterm, and that he could not have influenced his codefendant's testimony.

Generally, once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence. (*People v. Karaman* (1992) 4 Cal.4th 335, 344; *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.) If the trial court does not have jurisdiction to rule on a motion to vacate or modify

2

a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.  (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208; *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725-1726; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)  Here, the execution of defendant's sentence began years before he submitted the request that is the subject of this appeal.  Unless an exception to the general rule applies, the trial court did not have jurisdiction to rule on his motion and the appeal must be dismissed.

There are exceptions to the general rule.  A court may recall a sentence and resentence a defendant under certain circumstances within 120 days of the defendant's custody commitment.  (§ 1170, subd. (d)(1).)  Resentencing is also authorized under circumstances not applicable here, as specified in sections 1170.126, 1170.18, and 1170.95.  Courts may correct computational and clerical errors at any time.  (*People v. Turrin*, *supra*, 176 Cal.App.4th at p. 1205.)  Unauthorized sentences and " ' "obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings" ' " are correctable at any time.  (*Ibid*.; see *People v. Picklesimer* (2010) 48 Cal.4th 330, 338.)  Defendant's claim does not fall within any of these exceptions.  (See *Turrin*, at pp. 1205-1206.)

A defendant may appeal in two circumstances:  (1) from a "final judgment of conviction"; or (2) from any order made after judgment which affects the substantial rights of the party.  (§ 1237.)  Defendant did not appeal the final judgment, so his appeal is cognizable only if the denial of his request for resentencing is an order after judgment affecting his substantial rights.  Since the trial court did not have jurisdiction to hear the defendant's motion, its order denying it did not affect his substantial rights and, therefore, the order is not appealable.  (*People v. Fuimaono*, *supra*, 32 Cal.App.5th at p. 135; *People v. Turrin*, *supra*, 176 Cal.App.4th at p. 1208, citing § 1237, subd. (b); *People v. Cantrell* (1961) 197 Cal.App.2d 40, 43.)  Because the trial court's order is not appealable,

the appeal must be dismissed.  (*Fuimaono*, at p. 135; *Turrin*, at p. 1208; *People v. Chlad*, *supra*, 6 Cal.App.4th at p. 1726.)

DISPOSITION

The appeal is dismissed.

/s/_____<br>
Robie, J.

We concur:

/s/_____<br>
Hull, Acting P. J.

/s/_____<br>
Renner, J.