Filed 6/16/16  P. v. Esquibel CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E065140 |
| v. | (Super.Ct.No. RIF10002978) |
| PHILIP MARK ESQUIBEL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.
Dismissed.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and
Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Philip Mark Esquibel appeals from an order after
judgment—entered nearly five years ago—denying his motion to modify the restitution
fine in the amount of $10,000 and the victim restitution fine in the amount of $9,176.27

due to his inability to pay pursuant to Penal Code[1] section 1202.4, subdivision (f). We conclude the order is not appealable and dismiss the appeal.

## I

## PROCEDURAL BACKGROUND

On February 28, 2011, a jury found defendant guilty of second degree murder (§ 187, subd. (a), count 1) and assault on a child under eight years of age causing death (§ 273ab, count 2).

On May 13, 2011, defendant was sentenced to an indeterminate term of 25 years to life on count 2, and a stayed 15-year-to-life indeterminate term on count 1. In addition, among other fines and fees, the court imposed a $10,000 restitution fine pursuant to section 1202.4, subdivision (b), and a victim restitution fine in the amount of $9,176.27 pursuant to section 1202.4, subdivision (f). No objections were made at the time the fines were imposed.

On July 31, 2015, the trial court summarily denied defendant's ex parte motion to modify the fines, noting the fines are mandatory.

On December 16, 2015, defendant filed another motion to modify his sentence and to reduce or vacate the restitution fines due to his inability to pay pursuant to section 1202.4, subdivision (f). Defendant argued the court imposing the fines failed to take into consideration his ability to pay while incarcerated. The court again denied the request, noting "defendant owes actual victim restitution."

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

2

On January 4, 2016, defendant filed a timely notice of appeal.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

We note the order denying the motion to modify the restitution fines is not separately appealable. (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1204-1205 (*Turrin*).) In concluding that an order denying a motion to modify or reduce a restitution fine was not appealable, the *Turrin* court reasoned that execution of the defendant's sentence had begun. (*Id.* at p. 1204.) That is the case here. The defendant in *Turrin* had claimed there was insufficient evidence of his ability to pay the fines from his earnings while incarcerated or from earnings from employment after release. The Court of Appeal concluded the trial court had lost jurisdiction and had no statutory authority to recall the sentence on its own motion since section 1170, subdivision (d), requires the trial court to act within 120 days. The defendant did not seek correction of clerical error but instead claimed judicial error. (*Id.* at pp. 1205-1206.)

3

The *Turrin* court concluded: "A defendant may not contest the amount, specificity, or propriety of an authorized order of a restitution fine for the first time on appeal [citations] let alone in a motion to modify the same in the trial court after it has lost jurisdiction. Defendant is contesting the amount and propriety of an authorized order of a restitution fine. Section 1202.4, subdivision (b), authorized the amounts imposed here. And defendant's motion raised a factual question about his ability to pay, not a pure question of law. The unauthorized-sentence exception to loss of jurisdiction does not apply here." (*Turrin*, *supra*, 176 Cal.App.4th at p. 1207; accord, *People v. Mendez* (2012) 209 Cal.App.4th 32, 34, fn. 1.)

The *Turrin* court dismissed the appeal: "Section 1237, subdivision (b), provides that a defendant may appeal '[f]rom any order made after judgment, affecting the substantial rights of the party.' Since the trial court lacked jurisdiction to modify the restitution fines, its order denying defendant's motion requesting the same did not affect his substantial rights and is not an appealable postjudgment order. [Citation.] The appeal should be dismissed. [Citation.]" (*Turrin*, *supra*, 176 Cal.App.4th at p. 1208; accord, *People v. Mendez* (1999) 19 Cal.4th 1084, 1094.)

The same reasoning applies here. Defendant attempts to appeal from the court's denial of his postjudgment motion to modify the restitution fines filed many years after he began serving his sentence. Under the reasoning of *Turrin*, *supra*, 175 Cal.App.4th 1200, which we adopt, the order is not appealable.

4

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

HOLLENHORST

J.

McKINSTER

J.

5