[No. C041978. Third Dist. Apr. 14, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
RAYMOND HAROLD BUTTE, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of DEFENDANT'S CONTENTIONS, FACTS, and parts I through III and parts V through VII of the DISCUSSION.

## Counsel

Mark L. Christiansen, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Jo Graves, Assistant Attorneys General, Rachelle Newcomb and James Ching, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**SIMS, Acting P. J.**—A criminal information was filed charging defendant Raymond Harold Butte with 35 counts of sexual offenses perpetrated against his daughter R.W., beginning in 1979 and ending in 1998. A jury convicted him on 31 counts and deadlocked on the remaining four. The trial court sentenced him to a total prison term of 188 years and eight months.

In the unpublished portion of the opinion, we reverse 18 counts because, in light of *Stogner v. California* (2003) 539 U.S. 607 [156 L.Ed.2d 544, 123 S.Ct. 2446], they are barred by the statute of limitations. In the published portion, we shall reject defendant's contention that the information provided defendant with inadequate due process notice of the charges. We shall conclude that, because defendant waived a preliminary hearing, he has forfeited his claim of inadequate due process notice.

## DEFENDANT'S CONTENTIONS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

## I–III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## IV

Defendant contends his demurrer to the information should have been sustained because the charges were too vague to address as they were alleged; according to defendant, this vagueness violated his rights to notice and due process. We agree with the People that defendant has forfeited this claim of error by waiving preliminary hearing.

This case had a complicated pretrial procedural history which we need not recount in full. For present purposes, what matters is the following:

On March 8, 2000, after a complaint was filed which alleged all of the counts contained in the ultimate "Amended Consolidated Information" (as well as others dismissed before trial), defendant waived preliminary examination. On the same date the complaint was deemed an information and the prosecution was given leave to file a consolidated information (incorporating into one charging document counts previously filed under separate case numbers). Defendant thereafter demurred to the consolidated information,

---

*See footnote, *ante*, page 956.

arguing in part that the charging of offenses over a period of years denied defendant a fair opportunity to defend. The trial court overruled the demurrer.

■ As our Supreme Court explained in *People v. Jones* (1990) 51 Cal.3d 294, 317–318 [270 Cal.Rptr. 611, 792 P.2d 643] (*Jones*), criminal procedure today provides a defendant with numerous means to obtain notice of the charges against him, including the information and the preliminary examination. These procedural devices, when properly used, are sufficient to preserve the defendant's due process right to notice. (*Ibid.*)

In the above-cited passage of *Jones, supra*, 51 Cal.3d 294, the Supreme Court quoted with approval the concurring opinion of Justice Sims in *People v. Gordon* (1985) 165 Cal.App.3d 839 at pages 868 through 869 [212 Cal.Rptr. 174] (*Gordon*): "It is clear that in modern criminal prosecutions initiated by informations, *the transcript of the preliminary hearing, not the accusatory pleading, affords defendant practical notice of the criminal acts against which he must defend*." (Italics added.) "[A]n information plays a limited but important role: It tells a defendant what *kinds* of offenses he is charged with (usually by reference to a statute violated), and it states the *number* of offenses (convictions) that can result from the prosecution. But the time, place and circumstances of charged offenses are left to the preliminary hearing transcript; it is the touchstone of due process notice to a defendant." (*Id.* at p. 870.)

■ It follows from *Jones, supra*, 51 Cal.3d 294, and *Gordon, supra*, 165 Cal.App.3d 839, that a defendant who waives preliminary hearing is poorly situated to complain about vagueness in the pleading. We conclude that, having foregone the use of a preliminary hearing—"the touchstone of due process notice to a defendant" (*Gordon, supra*, 165 Cal.App.3d at p. 870)— defendant has forfeited his right to complain on appeal that he was provided with insufficient notice of the charges against him.

V–VII[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[*] See footnote, *ante*, page 956.

## DISPOSITION

Defendant's convictions and sentences on counts 1 through 18 are reversed. The matter is remanded for resentencing on the remaining counts and for recalculation of defendant's custody credits in accordance with parts V and VI of the Discussion. In all other respects, the judgment is affirmed.

Nicholson, J., and Hull, J., concurred.

A petition for a rehearing was denied April 27, 2004, and appellant's petition for review by the Supreme Court was denied June 30, 2004.