Filed 4/29/25  P. v. Butte CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C099880 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF99-0008160 & 99F8160) |
| v. | |
| RAYMOND HAROLD BUTTE, | |
| Defendant and Appellant. | |

Defendant Raymond Harold Butte appeals from a postconviction order denying his pro. per. motion to reduce the $10,000 restitution fines imposed under Penal Code[1] sections 1202.4 and 1202.45, respectively, to the minimum amount.  Appointed counsel asked this court to review the record to determine whether there are any arguable issues

---

[1] Undesignated statutory references are to the Penal Code.

on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel acknowledges there may be a question regarding the appealability of the challenged order.

Defendant filed a lengthy supplemental brief raising numerous alleged trial errors[2] and arguing that, because some of his convictions were reversed on appeal, the maximum restitution fines previously imposed should have been reduced at resentencing and that the fines violate the Eighth Amendment's prohibition against excessive fines because he cannot pay them.

We conclude the trial court did not have jurisdiction to entertain defendant's motion to modify the restitution fines. We shall dismiss the appeal for lack of jurisdiction without reaching the merits of the arguments defendant raises in his supplemental brief.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was originally charged with 35 counts of sexual offenses against his daughter. (*People v. Butte* (2004) 117 Cal.App.4th 956, 957-958.) In 2002, the jury found him guilty of 31 counts and deadlocked on the remaining four. (*Id.* at p. 957.) He received 188 years 8 months in prison (*ibid.*), and the trial court imposed the maximum $10,000 restitution fine under section 1202.4 and an identical parole revocation restitution fine under section 1202.45 (suspended unless parole was revoked).

On appeal, this court reversed 18 counts, finding them barred by the statute of limitations, and remanded the matter for resentencing on the remaining counts. (*People v. Butte*, *supra*, 117 Cal.App.5th at pp. 958, 960.) Following issuance of the remittitur,

---

[2] These issues include: purported *Miranda* rights violations (*Miranda v. Arizona* (1966) 384 U.S. 436), application of ex post facto laws, miscalculation of custody credits, admissibility of criminal propensity evidence, consecutive sentencing, double jeopardy, prosecutorial misconduct, the prohibition against multiple punishments for a single criminal act, convictions based on false evidence or perjured testimony, enhancement of sentences, selective prosecution, denial of the right to be informed of the charges, involuntary confessions, admissibility of evidence obtained during warrantless search, detention without probable cause, and sentencing errors.

the trial court resentenced defendant in September 2004 to 53 years in prison and imposed the same restitution fines.

Nearly five years later, in January 2009, defendant filed a motion to modify his sentence, arguing that in resentencing him the trial court wrongly assumed he could pay direct victim restitution from future wages. (*People v. Butte* (July 2, 2010, C064199) [nonpub. opn.].)[3] He also asked that the restitution fines be reduced to the then-statutory minimum of $200. The trial court denied the motion, ruling it was untimely and that the court lacked jurisdiction to modify defendant's sentence under former section 1170, subdivision (d). A year later, defendant filed a second motion raising the same arguments. The trial court denied the second motion, finding defendant's claim was barred because he failed to object to the restitution fines at sentencing and that, in any event, the motion failed on the merits. After appointed counsel filed a *Wende* brief raising no issues, this court affirmed.

In January 2013, defendant filed a motion to modify his sentence on several counts based on section 654, and for an order to require new DNA testing to prove the victim's paternity. In a written order, the trial court denied the motion, finding that it lacked jurisdiction to rule on it following the finality of defendant's prior appeal, and that certain required information regarding the DNA testing was missing. Defendant appealed the denial order in case No. C073021. This court dismissed the appeal after finding it was based on a nonappealable order. (*People v. Butte*, C073021 [appeal dismissed Feb. 2013].)[4]

---

[3] On our own motion, we take judicial notice of our opinion in defendant's prior appeal in *People v. Butte, supra*, C064199. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

[4] On our own motion, we take judicial notice of the appellate record in defendant's prior appeal in case No. C073021. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

In October 2023, defendant filed another pro per motion in the trial court to reduce the $10,000 restitution fines to the statutory minimum, again arguing he had no ability to pay the fines. A week later, the trial court issued a written order denying defendant's motion because defendant had "provide[d] no authority requiring a reduction." Defendant timely appealed.

## DISCUSSION

Before we can examine whether any arguable errors exist that would result in a disposition more favorable to defendant, we must first determine whether the trial court's order denying defendant's request for relief is appealable. (*People v. Clark* (2021) 67 Cal.App.5th 248, 254 ["Because an appealable judgment or order is essential to appellate jurisdiction, the appellate court must consider the question of appealability sua sponte, and dismiss the appeal if the judgment or order is found to be nonappealable"].)

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) The question before us is whether defendant's appeal is permissible under section 1237, subdivision (b), which authorizes a criminal defendant to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party."

" 'A trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b).' " (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1085; see also *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208 [a trial court order denying the defendant's motion to modify restitution fines did not affect the defendant's substantial rights and was not an appealable postjudgment order because the trial court lacked jurisdiction to consider the motion].) An appeal from such an order must be dismissed. (*People v. Mendez* (2012) 209 Cal.App.4th 32, 34 [applying *Turrin* and dismissing the appeal].)

4

"Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344; see also *People v. Turrin*, *supra*, 176 Cal.App.4th at p. 1204.)  Here, defendant was originally sentenced in 2002, successfully appealed, and was resentenced in 2004.  Nothing in the record shows defendant timely appealed the 2004 judgment, including the restitution fines, after being resentenced.  Defendant has been serving the modified 53-year sentence since at least 2004.  Thus, absent an exception to the general common law rule, the trial court had no jurisdiction in October 2023 to grant defendant's motion and resentence him by reducing the restitution fines.

Section 1172.1 provides such an exception to the general rule that the trial court loses jurisdiction to resentence a defendant once execution of the sentence has begun. (*People v. King* (2022) 77 Cal.App.5th 629, 637.)  When the trial court summarily denied defendant's petition in 2023, former section 1172.1 provided in relevant part:  "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation . . . the court may, within 120 days of the date of commitment on its own motion, [or] at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of a defendant incarcerated in state prison . . . [or] the district attorney of the county in which the defendant was sentenced . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."  (Former § 1172.1, subd. (a)(1); Stats. 2022, ch. 58, § 9 [effective June 30, 2022, to Dec. 31, 2023].)  In enacting former section 1172.1, the Legislature amended and renumbered former section 1170, subdivision (d), which had included the same language.  (*People v. E.M.*, *supra*,

85 Cal.App.5th at p. 1082; see also *Dix v. Superior Court* (1991) 53 Cal.3d 442, 448, fn. 3.)

Our Supreme Court has explained that this provision "empowers a trial court to recall and vacate a prison sentence after commitment, with but two stated limitations. First, the power may be exercised only upon the court's own motion, or upon recommendation of the [Secretary] of [the Department of] Corrections [and Rehabilitation or the district attorney] . . . . Second, in order to recall a sentence on its own initiative, the court must act within 120 days after it committed the defendant to prison." (*Dix v. Superior Court*, *supra*, 53 Cal.3d at p. 456.)

In this case, neither the Department of Corrections nor the district attorney recommended the trial court recall and resentence defendant. And more than 120 days had elapsed since he commenced serving his modified sentence following issuance of the remittitur in his initial direct appeal. Under these circumstances, the trial court had no power to resentence defendant by granting his motion to reduce the restitution fines to the minimum amount under the version of section 1172.1 then in effect.

While section 1172.1, subdivision (a) has since been amended, effective January 1, 2024, to allow a trial court, upon its own motion, to recall and resentence a defendant at any time if the sentencing laws applicable at the time of original sentencing are changed by new statutory authority or case law (Stats. 2023, ch. 446, § 2), we must determine the appealability of the order defendant challenges at the time the trial court made the order. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405 [an appeal reviews the correctness of the judgment or order as of the time of its rendition].) We fail to see how an order that is *not* appealable because the trial court lacked jurisdiction to make it when rendered, can suddenly become appealable pursuant to subsequent legislation unless the Legislature specifically so states in enacting the latter statute. (Cal Const., art. IV, § 8, subd. (b)(1) ["The Legislature may make no law except by statute and may enact no statute except by bill"]; *People v. Loper*, *supra*, 60 Cal.4th at p. 1159 [the right to appeal is purely

statutory].)  As far as we can discern, nothing in amended section 1172.1 confers appealability on the nonappealable order here.

Without jurisdiction to act on defendant's request to reduce the restitution fines under former section 1172.1, the trial court's order denying the request is not an appealable order.  Because defendant has appealed from a nonappealable order, we need not address the issues raised in his supplemental brief.

**DISPOSITION**

The appeal is dismissed.

/s/
WISEMAN, J.*

We concur:

/s/
BOULWARE EURIE, Acting P. J.

/s/
MESIWALA, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.