[No. H037967. Sixth Dist. Sept. 5, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
DAMIEN MENDEZ, Defendant and Appellant.

**COUNSEL**

Paul Couenhoven, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**OPINION**

**ELIA, Acting P. J.**—Pursuant to a negotiated disposition, on February 26, 2008, defendant Damien Mendez pleaded no contest to conspiracy to commit a crime, specifically to sell methamphetamine (Pen. Code, § 182, subd. (a)(1); Health & Saf. Code, § 11379 (count one)), and active participation in a criminal street gang (Pen. Code, § 186.22, subd. (a) (count two)). Defendant admitted that he had a prior strike within the meaning of Penal Code sections 667, subdivisions (b)–(i) and 1170.12. In exchange for his no contest pleas defendant was promised a nine-year state prison sentence.

On September 18, 2008, the court sentenced defendant pursuant to the terms of the negotiated disposition.

Thereafter, on January 9, 2012, defendant filed a "motion" to reduce a restitution fine to the "minimum amount provided by law." Defendant argued that he did not have the ability to pay the fine.

On February 1, 2012, the superior court entered an order denying defendant's motion as untimely because the court lacked jurisdiction to resentence defendant more than three years after execution of sentence had begun.

Defendant filed a notice of appeal on February 17, 2012. In the notice of appeal defendant purports to appeal from the denial of his motion for modification of the amount of the restitution fine.

Defendant's counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071].

■ Since the order is not appealable, we must dismiss the appeal. (*People v. Turrin* (2009) 176 Cal.App.4th 1200 [98 Cal.Rptr.3d 471] (*Turrin*).)[1]

### Disposition

The within appeal, having been taken from an order that is not appealable, is dismissed.

Mihara, J., and Márquez, J., concurred.

---

[1] In *Turrin*, the defendant filed a motion to reduce a restitution fine on the ground that he was unable to pay it. The appellate court held that where the defendant's motion was filed 10 months after he began serving his sentence, the trial court had lost jurisdiction and none of the exceptions to the loss of jurisdiction applied. (*Turrin, supra,* 176 Cal.App.4th at p. 1206.) *Turrin* explained that in criminal cases, only postjudgment orders " 'affecting the substantial rights of the party' " are appealable. Since the trial court did not have jurisdiction to hear the defendant's motion, its order denying it did not affect his substantial rights and, therefore, was not appealable. (*Id.* at p. 1208, citing Pen. Code, § 1237, subd. (b).) Indeed, it has been the law since long before *Turrin* that an order denying a motion to modify the judgment in a criminal case is not an appealable order. (*People v. Cantrell* (1961) 197 Cal.App.2d 40, 43 [16 Cal.Rptr. 905, 17 Cal.Rptr. 351]; *People v. Brattingham* (1928) 91 Cal.App. 527, 527–528 [267 P. 120].)