Filed 4/21/14  P. v. Rodriguez CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL RODRIGUEZ,<br><br>    Defendant and Appellant. | H040364<br>(Santa Clara County<br>Super. Ct. No. CC578386) |

In 2005, appellant Michael Rodriguez admitted to committing a second degree robbery for the benefit of his street gang during the course of an assault.  (Pen. Code, §§ 211, 212.5, subd. (c), 186.22, subd. (b)(1)(C).)  The trial court sentenced appellant to 12 years in prison and imposed a restitution fine of $2,400 pursuant to Penal Code section 1202.4, subdivision (b).

On August 28, 2013, appellant filed a motion for modification of the restitution fine.  On September 4, 2013, this motion was denied.  On November 4, 2013, appellant filed a timely notice of appeal.

On appeal, we appointed counsel to represent defendant in this court.  Appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*)), which states the case and the facts but raises no specific issues.  The brief also concedes that pursuant to *People v. Mendez* (2012) 209 Cal.App.4th 32, 34, footnote1, the order appealed from is not an appealable order.

Pursuant to *Serrano,* on January 24, 2014, we notified appellant of his right to submit written argument in his own behalf within 30 days.  On February 20, 2014, we received a letter from appellant.  In his letter, appellant contends that the restitution fine imposed was unfair because he has no assets and was only 16 at the time of the conviction.  He also complains that the fine was disproportionate from the fine imposed on his codefendant.  Nothing in appellant's letter suggests that the appeal is taken from an appealable order or that there is an arguable issue on appeal.  Therefore, we must dismiss the appeal as taken from an order that is not appealable.  (*People v. Mendez, supra,* 209 Cal.App.4th 32, 34, fn.1.)

## DISPOSITION

The appeal is dismissed as taken from a nonappealable order.

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

ELIA, J.

2