Filed 9/26/14  P. v. Vu CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>MAI THI VU,<br><br>    Defendant and Appellant. | H040716<br>(Santa Clara County<br> Super. Ct. No. CC1114158) |

In June 2013, appellant Mai Thi Vu pleaded no contest to 13 counts of various white collar crimes, including counterfeiting or forgery (Pen. Code, § 470, subd. (b)),[1] recording a false instrument (§ 115), grand theft in an amount over $950 (§§ 484, 487, subd. (a)), obtaining money by false pretenses (§ 532).  August 19, 2013, the trial court sentenced appellant to 10 years in prison.  As part of the plea bargain, appellant waived her right to appeal the sentence.

On December 18, 2013, 121 days after appellant was sentenced, appellant filed a request to resentence pursuant to section 1170, subdivision (d), in light of the new realignment rules, seeking to serve the remainder of her sentence in county jail.  On January 15, 2014, the trial court denied the request because it was not filed within 120 days, and therefore the trial court lacked jurisdiction to recall her sentence pursuant

---

[1] All future statutory references are to the Penal Code unless otherwise specified.

to section 1170, subdivision (d). (*People v. Lockridge* (1993) 12 Cal.App.4th 1752, 1757.) The trial court also stated that " 'Section 1170 subdivision (d) does not confer standing on a defendant to initiate a motion to recall a sentence.' (*People v. Pritchett* (1993) 20 Cal.App.4th 190, 193.)" On February 21, 2014, appellant filed a timely notice of appeal.

On appeal, we appointed counsel to represent appellant in this court. Appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*)), which states the case and the facts but raises no specific issues. The brief also concedes that pursuant to *People v. Mendez* (2012) 209 Cal.App.4th 32, 34, fn.1, the order appealed from is not an appealable order.

Pursuant to *Serrano,* on August 1, 2014, we notified appellant of her right to submit written argument in her own behalf within 30 days. On August 25, 2014, we received a supplemental brief from appellant. In her brief, appellant reiterates many of the arguments raised by her trial counsel in the Request to Resentence. Nothing in appellant's brief suggests that the appeal is taken from an appealable order or that there is an arguable issue on appeal. Therefore, we must dismiss the appeal as taken from an order that is not appealable. (*People v. Mendez, supra,* 209 Cal.App.4th 32, 34, fn.1.)

### DISPOSITION

The appeal is dismissed as taken from a nonappealable order.

2

_____

RUSHING, P.J.

WE CONCUR:



_____

PREMO, J.



_____

ELIA, J.

3