Filed 8/31/15  P. v. Smiley CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>DERRAN SMILEY,<br><br>　　　　Defendant and Appellant. | A144914<br><br>(Alameda County<br>Super. Ct. No. 149560) |

**MEMORANDUM OPINION[1]**

Defendant Derran Smiley appeals from the trial court's denial of his motion to modify his sentence, filed several years after entry of judgment following a jury trial in 2006.  In an unpublished decision filed in 2007, we affirmed defendant's convictions on one count of kidnapping to commit rape and five counts of forcible rape.  (*People v. Smiley* (Sept. 19, 2007, A113874) [nonpub. opn.].)  In that decision, we affirmed the imposed sentence of consecutive terms of 24 years and 25 years to life, rejecting defendant's contention that consecutive sentences on three of the counts of rape, all of which were committed against the same woman on the same night, were inappropriate because there was insufficient evidence they were committed on "separate occasion[s]," as required by statute.

On March 17, 2015, defendant filed a "Motion for Modification of Sentence" in the trial court, arguing his sentence was contrary to law because (1) there were errors in

_____

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1(1), (3).

the abstract of judgment; (2) the sentence for forcible rape exceeded the statutory maximum; (3) the enhancement of Penal Code section 667.61, subdivision (a) was improperly applied; and (4) the consecutive sentences for rape were improperly imposed. The trial court entered an extensive written order denying defendant's motion. In so doing, the court addressed defendant's arguments, finding they were without merit and noting that, in any event, it lacked jurisdiction to alter the imposed sentence. The trial court did, however, correct the abstract of judgment to state that a kidnapping allegation had been found true for all of the forcible rape counts, as reflected in the transcript of the sentencing hearing.

On appeal, defendant's counsel has raised no issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the judgment. (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436; see *Smith v. Robbins* (2000) 528 U.S. 259.) Counsel notified defendant that he is entitled to file a supplemental brief with the court, and defendant has submitted a brief repeating the issues raised in the trial court and adding arguments relating to the merits of his conviction.

Upon independent review of the record, we conclude we must dismiss the appeal without reaching the merits of defendant's arguments. Following the expiration of the 120-day period for modification of a sentence under Penal Code section 1170, subdivision (d), a trial court lacks jurisdiction to modify a sentence, assuming execution of the sentence has begun. (*People v. Espinosa* (2014) 229 Cal.App.4th 1487, 1496–1497; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1204–1205.) While the court had the authority to correct the clerical error in the abstract of judgment, it had no power to correct a purported "judicial" error. (*Turrin*, at p. 1205.) Further, the filing of a motion is not a proper means for seeking modification of sentence once a criminal proceeding has terminated by entry of judgment (*People v. Picklesimer* (2010) 48 Cal.4th 330, 337), and "an order denying a motion to modify the judgment in a criminal case is not an

2

appealable order." (*People v. Mendez* (2012) 209 Cal.App.4th 32, 34, fn. 1.) Accordingly, the appeal of such an order must be dismissed. (*Id.* at p. 34.)

For these reasons, defendant's appeal is dismissed.


_____
Margulies, Acting P.J.


We concur:


_____
Dondero, J.


_____
Banke, J.