Filed 9/26/16  P. v. Watts CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SHEMICK F. WATTS,<br><br>    Defendant and Appellant. | C081494<br><br>(Super. Ct. No. STKCRFE20126820, SF119582A) |

Appointed counsel for defendant Shemick F. Watts filed an opening brief that raises no issues and requests that this court review the record independently to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  However, since defendant has appealed from a nonappealable order, we will dismiss the appeal.  (*People v. Mendez* (2012) 209 Cal.App.4th 32, 34; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1206, 1208.)

A jury convicted defendant of attempted murder for repeatedly stabbing the victim, mistakenly believing the victim had repossessed his car.  Defendant appealed, and

1

this court affirmed the judgment. (*People v. Watts* (Nov. 20, 2014, C073627) [nonpub. opn.].)

A year later, defendant filed with the superior court, a "Petition For [Motion] To Vacate Judgment Under Penal Code, [§§] 995-999[, subd.](a); For Violation [Evid[.] Code. [§]788]; Penal Code,[§]1054.1[,] subd.[ ](d)." He averred the prosecution had failed to provide full discovery in violation of *Brady v. Maryland* (1963) 373 U.S. 83 [10 L.Ed.2d 215], as to the victim, who testified for the prosecution. He attached as an exhibit a declaration of a private investigator who searched various databases for the witness's criminal history and found additional "possible" criminal information.

The trial court denied the motion. Defendant filed a timely appeal. On the notice of appeal, defendant wrote: "Defendant hereby appeals from the judgment and sentence against him in the above-entitled matter."

Since the order denying his petition is not appealable, we must dismiss the appeal. An order denying a motion to vacate "ordinarily is not appealable when the appeal would merely bypass or duplicate appeal from the judgment itself." (*People v. Gallardo* (2000) 77 Cal.App.4th 971, 981.) "Several exceptions have modified this general prohibition, however, including a narrow exception when the record on appeal would not have shown the error, and an exception for attacks upon void judgments." (*Ibid.*) Additionally, "appellate courts may, when circumstances warrant, entertain appeals from rulings denying motions to vacate judgments. The standards for accepting such appeals are similar to those applied by the courts when deciding whether to review on the merits claims made by a petition for extraordinary writ." (*Ibid.*) But we find no exception applicable here, nor do the circumstances warrant entertaining an appeal.

## DISPOSITION

The appeal is dismissed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

RAYE, P. J.

/S/

_____

MURRAY, J.