Filed 6/16/22  P. v. Poplin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094541 |
| Plaintiff and Respondent, | (Super. Ct. No. 07F00063) |
| v. | |
| DANNY POPLIN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Danny Poplin asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having concluded defendant has appealed from a nonappealable order, we will dismiss the appeal.  (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 134-135 (*Fuimaono*).)

1

# PROCEDURAL BACKGROUND

Following a jury trial, defendant was convicted of first degree murder of a fetus (Pen. Code, § 187, subd. (a)),[1] infliction of corporal injury on the mother of his child (§ 273.5), and assault with a deadly weapon (§ 245, subd. (a)(1)). In addition, the jury found true that defendant personally used a knife in the commission of each count (§ 12022, subd. (b)(1)), personally inflicted great bodily injury under circumstances involving domestic violence (§ 12022.7, subd. (e)), and personally inflicted injury resulting in the termination of a pregnancy as to both the domestic violence and assault with a deadly weapon counts (§ 12022.9, subd. (a)). (*People v. Poplin* (Feb. 16, 2012, C064754) [nonpub. opn.].)[2] In 2010, the trial court sentenced defendant to state prison for a determinate term of 13 years, plus an indeterminate term of 50 years to life. The trial court also imposed a $200 restitution fine (§ 1202.4), $60 court security fee (§ 1465.8), $90 court facility fee (Gov. Code, § 70373), $213.37 main jail booking fee (Gov. Code, § 29550.2), and a main jail classification fee of $23.50 (Gov. Code, § 29550.2). The court also ordered defendant to pay $5,161 in direct victim restitution. We affirmed the judgment in 2012.

In July 2021, defendant filed a motion to strike or modify the restitution, fees, or fines, requesting the court either strike his $5,361 restitution order or reduce it to $200. The trial court denied the motion the same day.

On July 26, 2021, defendant filed a notice of appeal, appealing the denial of this motion. In December 2021, appellate counsel sent a section 1237.2 letter to the trial court requesting a modification of the fines and fees and the striking of the booking and classification fees pursuant to Assembly Bill No. 1869 (2019-2020 Reg. Sess.). On

---

[1] Undesignated statutory references are to the Penal Code.

[2] On the court's own motion, we take judicial notice of our prior unpublished opinion. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

December 28, 2021, the trial court granted the motion to modify the sentence, staying the $200 restitution fine (§ 1202.4), $60 court security fee (§ 1465.8), and $90 court facility fee (Gov. Code, § 70373). The court also struck the $213.37 main jail booking fee (Gov. Code, § 29550.2) and main jail classification fee of $23.50 (Gov. Code, § 29550.2). The court did not modify the direct victim restitution amount of $5,161.

## DISCUSSION

Generally, once judgment is rendered, the sentencing court is without jurisdiction to vacate or modify the sentence, except pursuant to section 1170.03, subdivision (a)(1). (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084, 1085 (*Torres*) [referencing former § 1170, subd. (d)(1)]; *People v. Karaman* (1992) 4 Cal.4th 335, 344.) If a trial court does not have jurisdiction to rule on a motion to modify a sentence, an order denying the motion is not appealable, and the appeal must be dismissed. (*Torres, supra*, at pp. 1084-1085; *Fuimaono, supra*, 32 Cal.App.5th at p. 135; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208 (*Turrin*), citing § 1237, subd. (b).) There are statutory exceptions to the general jurisdiction rule precluding resentencing (§§ 1170.126, 1170.18, 1170.95) and the courts may correct computational and clerical errors at any time. (*Turrin, supra*, at p. 1205.) In addition, a court may recall a sentence and resentence a defendant under certain circumstances within 120 days of a defendant's custody commitment. (§ 1170.03.)[3] The execution of defendant's sentence began in 2010, some 11 years before he filed the motion that is the subject of this appeal. None of these exceptions to the general rule apply here, and defendant makes no claim they do. Accordingly, the trial court lacked jurisdiction to modify defendant's restitution order. (*People v. Mendez* (2012) 209 Cal.App.4th 32, 33-34.) The denial of a motion the trial

---

[3] Assembly Bill No. 1540 (2021-2022 Reg. Sess.) moved the recall and resentencing provisions of former section 1170, subdivision (d)(1) to section 1170.03. (Stats. 2021, ch. 719, § 3.1.)

court has no jurisdiction to grant "does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b)." (*People v. King* (2022) 77 Cal.App.5th 629, 639, petn, for review pending, petn. filed May 24, 2022, S274722; see also *Fuimaono, supra*, at p. 135; *Turrin, supra*, at p. 1208, citing § 1237, subd. (b); *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725-1726.) Accordingly, the appeal must be dismissed.[4] (*Fuimaono, supra,* at p. 135; *Mendez, supra*, at p. 34.)

## DISPOSITION

The appeal is dismissed.

/s/
EARL, J.

We concur:

/s/
MAURO, Acting P. J.

/s/
DUARTE, J.

---

[4] We also note, counsel's motion under section 1237.2 did not vest the trial court with jurisdiction to modify the sentence regarding fines and fees. The jurisdiction created by section 1237.2 does not extend beyond the pendency of defendant's direct appeal from their judgment of conviction. (*Torres, supra*, 44 Cal.App.5th at p. 1088.) Because we do not have jurisdiction, we cannot address this error.