Filed 4/18/25  P. v. Navarro CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D083974 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS317638) |
| JOSE DAVID NAVARRO, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, Enrique E. Camarena, Judge.  Appeal dismissed.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

MEMORANDUM OPINION

In March 2022, the trial court denied Jose David Navarro's motion for mental health diversion under Penal Code section 1001.36 in a pending criminal prosecution.[1]  The court based its decision on Navarro's failure to

---

[1]    All further statutory references are to the Penal Code.

establish that his mental health diagnosis was a " 'significant factor' " in the commission of his charged offenses.  (*People v. Navarro* (Aug. 23, 2023, D080567) [nonpub. opn.].)  Navarro then entered a stipulated plea agreement and pleaded guilty to assault with a deadly weapon (§ 245, subd. (a)(1)) and vandalism (§ 594, subds. (a), (b)(1)) and admitted having a strike prior (§§ 667(b)–(i), 1170.12, 668).  The court sentenced Navarro to five years four months in state prison.

Navarro appealed the court's denial of mental health diversion.  While his appeal was pending, Senate Bill No. 1223 (2021–2022 Reg. Sess.) amended section 1001.36, and we reversed the judgment and remanded for a new hearing pursuant to the amended section 1001.36.  (*People v. Navarro, supra*, D080567.)

On December 21, 2023, the court held a new hearing pursuant to the amended section 1001.36.  It found that Navarro was suitable and eligible for mental health diversion but declined to exercise its discretion to grant diversion.  Accordingly, the court concluded that Navarro's conviction and sentence would be unchanged.  Navarro did not appeal this order.

In March 2024, Navarro filed a motion to reconsider based on this court's January 9, 2024 decision in *Sarmiento v. Superior Court* (2024) 98 Cal.App.5th 882.  The court denied the motion as untimely and because it lacked "statutory authority" to reconsider the order since the case was "final" and "judgment has already been entered."  Additionally, the court held that if it was "wrong" on those grounds, it did not find a change in the law merited reconsideration.

Navarro filed a timely notice of appeal from the order denying reconsideration and requested a certificate of probable cause.  The trial court denied the request for certificate of probable cause.

2

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*.

We agree with the trial court that it had no authority to reconsider its prior ruling after reaffirming the conviction and sentence. (See *People v. DeLouize* (2004) 32 Cal.4th 1223, 1231 [courts may correct judicial error in interim orders up until pronouncement of judgment but may not correct judicial error in final order except pursuant to statutory procedures or on limited grounds available for collateral attack].) Because the trial court lacked jurisdiction to reconsider its prior ruling, the order denying reconsideration did not affect Navarro's "substantial rights" (§ 1237, subd. (b)) and is "not an appealable postjudgment order." (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208.) Navarro's remedy was to appeal from the original ruling on remand, not the subsequent order denying reconsideration.

Since the order denying Navarro's motion to reconsider is not appealable, we must dismiss the appeal. (*People v. Mendez* (2012) 209 Cal.App.4th 32, 33–34.)

DISPOSITION

The appeal is dismissed.

BUCHANAN, Acting P. J.

WE CONCUR:

KELETY, J.

CASTILLO, J.