Filed 6/3/25  P. v. Noble CA6
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILBERT LEE NOBLE,<br><br>    Defendant and Appellant. | H052438<br>(Santa Clara County<br> Super. Ct. No. CC252886) |

### THE COURT[1]

Wilbert Lee Noble appeals a post-judgment order denying his request to reduce or vacate restitution fines and fees pursuant to Penal Code section 1202.4, subdivision (f)(1).[2]  Noble's appointed appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) asking the court to independently review the record.  Noble filed a supplemental brief asserting that the trial court did not follow established rules and regulations in assessing his ability to pay when it made the subject order.  However, as the trial court recognized, it lacked jurisdiction to alter Noble's sentence.  As a result, this court lacks jurisdiction over Noble's appeal, and we therefore dismiss the appeal.

---

[1] Before Grover, Acting P. J., Danner, J., and Bromberg, J.

[2] Subsequent undesignated statutory references are to the Penal Code.

## I. BACKGROUND

In February 2003, a jury found Noble guilty of one count of aggravated sexual assault of a child under 14 (§§ 269, subd. (a)(1), 288 subd. (a), count one); three counts of a lewd or lascivious act on a child under 14 (§ 288 subd. (a), counts three, four, and five); and one count of false imprisonment (§§ 236-237, count six). He was found not guilty of one additional count of aggravated sexual assault on a child under 14 (§§ 269 subd. (a)(1), 286, count two). Noble admitted that he had two prior felony convictions within the meaning of section 667, subdivision (a). The court found that Noble had a prior prison term within the meaning of section 667.5, subdivision (b) and that the prior felonies qualified as serious/violent felonies within the meaning of sections 667, subdivisions (b)-(i), and 1170.12.

The trial court sentenced Noble to an indeterminate term of 120 years to life in state prison consecutive to 10 years. The court ordered $10,000 in restitution fines pursuant to section 1202.4, subdivision (b), and $10,000 in restitution fines pursuant to section 1202.45, suspended unless parole was revoked. On appeal, Noble's conviction and sentence were affirmed. (*People v. Noble* (Feb. 11, 2004, H025795) [unpub. opn.].)

In March 2024, Noble filed a motion to reduce or vacate the restitution fines pursuant to section 1202.4, subdivision (f)(1), among other statutes, contending that at the time of sentencing he was indigent. Relying heavily on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), Noble argued that the trial court improperly failed to consider his ability to pay before ordering restitution. The trial court denied the motion, finding that it lacked jurisdiction to consider the requested relief. It distinguished Noble's circumstances from those of the appellant in *Dueñas*, concluding that Noble failed to show that the sentencing court did not consider his ability to pay at the time of sentencing, or that the sentencing court would not have imposed the maximum fine had it considered his ability to pay. Noble timely appealed from the order.

2

Counsel was appointed to represent Noble and pursuant to *Delgadillo* filed a brief raising no arguable issues but asking this court to exercise its discretion to independently examine the entire record on appeal. The court notified Noble that he could submit a supplemental brief on his own behalf, which Noble did. In his brief, which has only one substantive paragraph, Noble asks this court to confirm that the trial court "followed the established rules" in ruling on his motion. Noble also contends that the trial court did not consider his ability to pay "according to the rules and regulations for restitution."

## II. DISCUSSION

Quoting *People v. Picklesimer* (2010) 48 Cal.4th 330, 335, 337, the trial court stated that it did not have jurisdiction to consider Noble's motion to reduce or vacate the restitution fines because the motion was in the nature of a " 'freestanding postjudgment motion' " that was not related to " 'any proceeding then pending before the court.' " We agree. As there was no further proceeding pending, the trial court lost jurisdiction to modify the restitution fines after execution of Noble's sentence began. (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205-1207 (*Turrin*); accord *People v. Mendez* (2012) 209 Cal.App.4th 32, 34.) Consequently, the trial court's order is not appealable, and we must dismiss the appeal for lack of jurisdiction. (*Turrin*, at p. 1208.)

We also note that, even if this court had jurisdiction over this appeal, and we were to review defendant's supplemental brief under *Delgadillo* to determine whether Noble has raised an arguable issue, we would not find one. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) An issue is arguable if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result will either be reversal or modification of the judgment. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109 (*Johnson*).) Noble expresses concern that the trial court did not assess his ability to pay restitution fines in accordance with the "rules and regulations." However, on appeal, we must presume that trial court orders are correct, and therefore appellants bear the burden of demonstrating error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) That burden has not been

3

satisfied.  Noble does not identify any evidence supporting his contention that the trial court failed to follow established legal authority in denying his motion to reduce or vacate the restitution fines.  Nor does he specify a rule or regulation that the court erred in applying when it issued the subject order.  As a consequence, there is no basis on which to find a "reasonable potential" for success on appeal.  (*Johnson*, at p. 109.)

### III.  DISPOSITION

The appeal is dismissed.