Filed 6/26/25  P. v. Thomas CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT EARL THOMAS,<br><br>    Defendant and Appellant. | C101292<br><br>(Super. Ct. No. STK-CR-FE-2014-0005557) |

Defendant Robert Earl Thomas appeals the trial court's summary denial of his postconviction motion to reduce or vacate restitution fines and fees.  Defendant's appointed counsel filed a brief that raised no issues and asked this court to independently review the record to determine if there are any arguable errors that would result in a disposition more favorable to him.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Counsel acknowledged that there may be a question regarding the appealability of the challenged order.

In a supplemental brief, defendant argued:  (1) this court should vacate the direct victim restitution award as well as the restitution fine because he was not given an ability

1

to pay hearing when these financial obligations were imposed in 2016; and (2) the restitution fine is no longer valid under newly enacted Penal Code section 1465.9, subdivision (d), which went into effect while this appeal was pending. (Statutory section references that follow are to the Penal Code unless otherwise indicated.) Defendant did not address the appealability of the order.

We requested additional briefing from the parties on whether the trial court had jurisdiction to rule on defendant's motion to vacate the restitution fines and whether the court's summary denial of the motion was an appealable order under section 1237, subdivision (b). Defendant now argues the challenged order is appealable because his motion constituted an "invitation" for resentencing under section 1172.1, the denial of which affected his substantial rights. The People counter the order is not appealable, urging us to follow *People v. Hodge* (2024) 107 Cal.App.5th 985 (*Hodge*), which found that an order denying a defendant-initiated petition for resentencing under section 1172.1 does not affect a defendant's substantial rights because the defendant is not authorized to make the motion under the statute and the trial court has no obligation to respond to one if made.

This court recently found the reasoning of *Hodge* persuasive. (See *People v. Roy* (2025) 110 Cal.App.5th 991 (*Roy*).) Following *Hodge* and *Roy*, we conclude the order is not appealable because it does not affect defendant's substantial rights. Defendant's appeal must therefore be dismissed without reaching the merits of the claims raised in his brief.

## FACTS AND HISTORY OF THE PROCEEDINGS

Originally charged with murder and numerous other offenses, in October 2015 defendant pleaded no contest to voluntary manslaughter (§ 192, subd. (a)); admitted he personally used a firearm during the offense (§ 12022.5, subd. (a)(1)); and admitted that he had a prior strike conviction in 1994 for voluntary manslaughter (§§ 1170.12, subd.

(b), 667, subd. (d)).  The remaining counts and allegations were dismissed in the interest of justice.

In January 2016, the trial court sentenced defendant to 26 years in prison.  The court imposed the upper term of 11 years for the voluntary manslaughter conviction, doubled to 22 years for the prior strike, plus four years for the firearm enhancement.  Without objection, the court ordered defendant to pay direct victim restitution in the amount of $5,850, payable to the Victim Compensation Claims Board, and $300 to the victim's mother, for expenses not covered by the Victim Compensation Claims Board, with jurisdiction reserved to award additional restitution to the mother based on a pending restitution claim.  The court imposed a $300 restitution fine (§ 1202.4); a $300 parole revocation restitution fine, which was stayed pending successful completion of parole (§ 1202.45); a $30 criminal conviction assessment (Gov. Code, § 70373); and a $40 court operations assessment (§ 1465.8).  Defendant was to be transported to custody to begin serving his sentence on February 8, 2016.  Nothing in the record shows defendant appealed the judgment.

In October 2023, defendant filed a pro. per. "motion to vacate judgment of court-imposed costs (fines and restitution)," which defendant asserted were unenforceable and uncollectible under section 1465.9.  Five days later, the trial court summarily denied the motion without explanation.  Nothing in the record shows defendant appealed this denial order.

In May 2024, defendant filed a pro. per. "motion to reduce or vacate restitution, fines and fees pursuant to new procedural case law" based on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).  Defendant asked the court to set aside the restitution fine imposed under section 1202.4 as well as the mandatory court assessments imposed under section 1465.8 and Government Code section 70373, respectively, because he had not received an ability to pay hearing when the court originally imposed the fines and fees.

3

Two days later, on May 8, 2024, the trial court summarily denied defendant's motion to reduce or vacate the restitution fees and fines under *Dueñas*, providing no explanation for the denial. Defendant timely appealed.

DISCUSSION

Before we can consider the issues raised in defendant's brief (see *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232), we must first determine whether the trial court's order summarily denying defendant's postjudgment motion to reduce or vacate the restitution fines is appealable. (See *People v. Clark* (2021) 67 Cal.App.5th 248, 254 ["Because an appealable judgment or order is essential to appellate jurisdiction, the appellate court must consider the question of appealability sua sponte, and dismiss the appeal if the judgment or order is found to be nonappealable"].)

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159 (*Loper*).) The question before us is whether defendant's appeal is permissible under section 1237, subdivision (b), which authorizes a criminal defendant to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." (*Id*. at p. 1163.)

" 'A trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b).' " (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1085; see also *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208 [a trial court order denying the defendant's motion to modify restitution fines did not affect the defendant's substantial rights and was not an appealable postjudgment order because the trial court lacked jurisdiction to consider the motion].) An appeal from such an order must be dismissed. (*People v. Mendez* (2012) 209 Cal.App.4th 32, 34 [applying *Turrin* and dismissing the appeal].)

4

"Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344; see also *People v. Turrin*, *supra*, 176 Cal.App.4th at p. 1204.)  Here, defendant was originally sentenced in January 2016. Nothing in the record shows defendant timely appealed the 2016 judgment, including the restitution fines, after being sentenced.  Defendant has been serving the 26-year sentence since at least 2016.  Absent an exception to the general common law rule, the trial court had no jurisdiction in May 2024 to grant defendant's motion and resentence him by reducing the restitution fines.

Section 1172.1 provides such an exception to the general rule that the trial court loses jurisdiction to resentence a defendant once execution of the sentence has begun. (*People v. King* (2022) 77 Cal.App.5th 629, 637; see also *Dix v. Superior Court* (1991) 53 Cal.3d 442, 448, fn. 3 [interpreting former § 1170, subd. (d), the predecessor statute to § 1172.1].)[1]  Section 1172.1 now provides that for persons who, like defendant here, are committed to state prison based on a felony conviction, "the court may, on its own motion, within 120 days of the date of commitment *or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law* . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ."  (§ 1172.1, subd. (a)(1), italics added; Stats. 2023, ch. 446, § 2.)

Here, *Dueñas* arguably represents a change in the case law regarding sentencing from when defendant was first sentenced in 2016 (although several courts have subsequently found *Dueñas* was wrongly decided) (see e.g., *People v. Aviles* (2019)

---

[1]  Former section 1170, subdivision (d) was renumbered as section 1170.03 in 2022 (Stats. 2021, ch. 719, §§ 2-3) and renumbered again as section 1172.1 in 2023.  (Stats. 2022, ch. 58, § 9.)

39 Cal.App.5th 1055, 1067-1068). Thus, under section 1172.1, subdivision (a), the trial court had jurisdiction to consider defendant's motion to vacate the restitution fines based on *Dueñas*. (*Roy, supra*, 110 Cal.App.5th at p. 997.)

However, finding that the trial court had jurisdiction to rule on the motion does not end the appealability inquiry. This is because the statute did not authorize defendant to file the motion, and, more importantly, the court had no obligation to respond once filed. (See § 1172.1, subd. (c).)

Section 1172.1, subdivision (c) states: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." As this court found in *Roy*, while the absence of authorization to file the motion alone does not render the order unappealable, the additional provision that the trial court had no obligation to respond to defendant's request does. (*Roy, supra*, 110 Cal.App.5th at p. 998.) "If the trial court is not required to act in response to a defendant's request, then defendant has no right to a decision as to whether the trial court will make its own motion to recall and resentence." (*Ibid.*)

*Hodge* similarly concluded that the second sentence of section 1172.1, subdivision (c) "undermine[s] any claim that defendants have a substantial right at stake when they file an unauthorized [section 1172.1] request for resentencing." (*Hodge, supra*, 107 Cal.App.5th at p. 996.) The court explained that this provision "excuses the trial court from any responsibility to rule on such a request, or even to respond. It follows that a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling. The defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated [or pay lesser fines]. But a defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Ibid.*; accord *Roy, supra*, 110 Cal.App.5th at p. 998.)

6

Defendant cites *People v. Loper, supra,* 60 Cal.4th 1155 and *People v. Carmony* (2004) 33 Cal.4th 367 (*Carmony*) to support his argument that the order is appealable. But, as this court explained in *Roy*, those cases are inapposite. (*Roy, supra*, 110 Cal.App.5th at pp. 998-1001.)

In *Loper*, our Supreme Court found that a defendant could appeal a trial court's order denying the Department of Correction and Rehabilitation Secretary's authorized recommendation for compassionate release under section 1170, subdivision (e) even though, like here, the defendant was not authorized to bring the motion himself. (*Loper, supra*, 60 Cal.4th at pp. 1158-1161.) The court found that section 1237, subdivision (b), which as previously noted permits appeals from any postjudgment order that affects a party's substantial rights, was not tied to standing or the identity of the moving party. (*Id.* at p. 1162.)

The compassionate release statute in *Loper required* the trial court to exercise its discretion on the ultimate issue once the Secretary submitted its recommendation. (See former § 1170, subd. (e)(3).) Here, the parties agree the motion filed by defendant is best viewed as merely inviting the court to consider whether it wishes to exercise its discretion under section 1172.1. The same considerations that moved our Supreme Court to find the order appealable in *Loper* are not present here.

In *Carmony*, the trial court denied the defendant's *Romero*[2] motion to dismiss his prior strikes under section 1385, and our Supreme Court granted review to determine the applicable standard of review on appeal from such an order. (*Carmony, supra*, 33 Cal.4th at p. 371.) The court found that the absence of a requirement in section 1385 to rule merely reflected the legislative presumption that a court acts properly whenever it sentences a defendant in accordance with the three strikes law. (*Carmony*, at p. 376.)

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

*Carmony*, however, did not concern appealability under section 1237, subdivision (b) and did not interpret what it means for a postjudgment order to affect a defendant's substantial rights under that provision. "Given the specific context in which *Carmony* was decided, we do not understand the case as setting forth the broad proposition that a trial court's obligation to issue a ruling has no bearing on the question of appealability, particularly in a postjudgment setting." (*Roy, supra*, 110 Cal.App.5th at pp. 1000-1001.)

In this case, the trial court entered an order summarily denying the motion without explanation. We reject defendant's assertion that the order suggests the trial court denied the motion on the merits or because it believed it lacked jurisdiction to recall and resentence. For the reasons discussed, we conclude that this postjudgment order did not affect defendant's substantial rights and thus is not appealable under section 1237, subdivision (b).

DISPOSITION

The appeal is dismissed.

_____,
HULL, Acting P. J.

We concur:

_____
MAURO, J.

_____
DUARTE, J.

8