Filed 7/11/25  P. v. Hall CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102204 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F09312) |
| v. | |
| MASHAI HALL, | |
| Defendant and Appellant. | |

The trial court dismissed defendant Mashai Hall's pro. per. motion to modify his sentence based on Assembly Bill No. 1618 (2019-2020 Reg. Sess.) (Assembly Bill 1618) and Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393), which each went into effect long after Hall's judgment was final, and it expressly declined to exercise its discretion under Penal Code[1] section 1172.1 to recall and resentence Hall on its own motion.  Hall's appointed counsel filed a brief that raised no issues and asked this court to

---

[1]     Further undesignated statutory references are to the Penal Code.

1

independently review the record to determine if there are any arguable errors that would result in a disposition more favorable to Hall. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel acknowledged that there may be a question regarding the appealability of the challenged order.

Hall filed a supplemental brief arguing the order is appealable and that a certificate of probable cause is not required to challenge the order. He asks that we independently review the record for error.

Because we conclude the trial court's order is not appealable, we shall dismiss the appeal without reaching the merits of the arguments raised in Hall's supplemental brief.

## FACTUAL AND PROCEDURAL HISTORY

Hall and several cohorts were arrested for robbing two separate banks at gunpoint in 2008 and were charged with multiple offenses. Hall eventually pled no contest to six counts of second degree robbery (§ 211; counts one, two, four, five, six & eight) and admitted he had one prior strike conviction (§§ 667, subds. (b)-(i), 1170.12) and two prior serious felony convictions (§ 667, subd. (a)) in exchange for a stipulated term of 30 years in prison and dismissal of the remaining counts and allegations. The trial court sentenced Hall to 30 years as follows: the upper term of five years on count one, doubled to 10 years for the prior strike, and a consecutive term of two years each (one-third the midterm, doubled) on counts two, four, five, six, and eight, and two consecutive terms of five years each for the prior serious felony enhancements.

Hall appealed, and this court reduced a crime prevention fine under section 1202.5 but otherwise affirmed the judgment as to him. (*People v. Hall* (May 22, 2014, C069609) [nonpub. opn.].) The judgment became final in 2014.

After serving over a decade of his sentence, Hall filed a pro. per. motion in August 2024 to modify his sentence by striking the two 5-year prior serious felony enhancements under Senate Bill 1393, which gave trial courts discretion to dismiss prior serious felony enhancements, and Assembly Bill 1618, which codified prior Supreme Court precedent

2

that parties to a plea agreement are not insulated from subsequent changes in the law that the Legislature intended to apply to them. As a basis for the motion, Hall cited Assembly Bill No. 600 (2023-2024 Reg. Sess.), which amended section 1172.1 to broaden a trial court's discretion to resentence a defendant under certain circumstances.

The trial court dismissed Hall's motion and expressly declined to exercise its discretion to recall and resentence Hall on its own motion under section 1172.1. In doing so, the court noted that neither Assembly Bill 1618 nor Senate Bill 1393 was fully retroactive, and, thus, did not give the court jurisdiction over Hall's long-final judgment. Hall timely appealed.

## DISCUSSION

Before we can consider the issues raised in Hall's supplemental brief (see *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232), we must first determine whether the trial court's order denying Hall's postjudgment motion to modify his sentence is appealable. (See *People v. Clark* (2021) 67 Cal.App.5th 248, 254 ["Because an appealable judgment or order is essential to appellate jurisdiction, the appellate court must consider the question of appealability sua sponte, and dismiss the appeal if the judgment or order is found to be nonappealable"].)

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) The question before us is whether Hall's appeal is permissible under section 1237, subdivision (b), which authorizes a criminal defendant to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party."

" 'A trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b).' " (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1085; see also *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208 [a trial court order denying the

3

defendant's motion to modify restitution fines did not affect the defendant's substantial rights and was not an appealable postjudgment order because the trial court lacked jurisdiction to consider the motion].) An appeal from such an order must be dismissed. (*People v. Mendez* (2012) 209 Cal.App.4th 32, 34 [applying *Turrin* and dismissing the appeal].)

"Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344; see also *People v. Turrin, supra*, 176 Cal.App.4th at p. 1204.) Here, as the trial court recognized, Hall pled no contest and began serving his sentence in 2011, and his judgment became final in 2014 after being affirmed on appeal with a slight modification. (See *People v. Buycks* (2018) 5 Cal.5th 857, 876, fn. 5 ["A judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari with the United States Supreme Court have expired"]; see also *People v. Hall, supra*, C069609.) Absent an exception to the general common law rule, the trial court had no jurisdiction in August 2024 to grant Hall's pro. per. motion to modify his sentence.

Section 1172.1 provides such an exception to the general rule that the trial court loses jurisdiction to resentence a defendant once execution of the sentence has begun. (*People v. King* (2022) 77 Cal.App.5th 629, 637; see also *Dix v. Superior Court* (1991) 53 Cal.3d 442, 448, fn. 3 [interpreting former § 1170, subd. (d), the predecessor statute to § 1172.1].)[2] Section 1172.1 now provides that for persons who, like Hall here, are committed to state prison based on a felony conviction, "the court may, on its own motion, within 120 days of the date of commitment *or at any time if the applicable*

---

[2] Former section 1170, subdivision (d) was renumbered as section 1170.03 effective January 1, 2022 (Stats. 2021, ch. 719, §3.1) and renumbered again as section 1172.1 effective January 1, 2023 (Stats. 2022, ch. 58, § 9).

*sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . .* recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ." (§ 1172.1, subd. (a)(1), italics added; Stats. 2023, ch. 446, § 2.)

There is no dispute that the sentencing laws have changed in relevant respects since Hall was originally sentenced. For example, Hall was sentenced to five years each for the two prior serious felony enhancements, which are no longer mandatory after Senate Bill 1393 amended section 667, former subdivision (a)(1) and section 1385, former subdivision (b), effective January 1, 2019, to grant trial courts the discretion to strike or dismiss a prior serious felony conviction enhancement. (*People v. Ellis* (2019) 43 Cal.App.5th 925, 928.)

Even though the sentencing laws applicable to Hall at the time of his sentencing have since changed, to appeal the trial court's order dismissing his pro. per. motion, he must show his substantial rights were affected. (§ 1237, subd. (b).) Hall cannot make such a showing. Section 1172.1, subdivision (c) plainly states that, "[i]f a defendant requests consideration for relief under this section, the court is not required to respond." In other words, the trial court had no obligation to act on Hall's motion.

This court recently observed in *People v. Roy* (2025) 110 Cal.App.5th 991, 998, petition for review pending, petition filed May 30, 2025, S291146, that, "[i]f the trial court is not required to act in response to a defendant's request, then [the] defendant has no right to a decision as to whether the trial court will make its own motion to recall and resentence." The Court of Appeal in *People v. Hodge* (2024) 107 Cal.App.5th 985, 996 similarly concluded section 1172.1, subdivision (c) "undermine[s] any claim that defendants have a substantial right at stake when they file an unauthorized [section 1172.1] request for resentencing." The *Hodge* court explained that this provision "excuses the trial court from any responsibility to rule on such a request, or even to respond. It follows that a defendant who chooses to file an unauthorized request for

5

resentencing has no right to a ruling. The defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Hodge*, at p. 996.) *Roy* agreed with *Hodge*'s analysis, and we see no reason to divert from this reasoning now.

To the extent appointed counsel and Hall each argue we should find the order appealable under *People v. Loper, supra*, 60 Cal.4th 1155, we find *Loper* distinguishable. In *Loper*, our Supreme Court found that a defendant could appeal a trial court's order denying the Secretary of the Department of Corrections and Rehabilitation's authorized recommendation for compassionate release under section 1170, subdivision (e) even though, like here, the defendant was not authorized to bring the motion himself. (*Loper*, at pp. 1158-1161.) The court found that section 1237, subdivision (b), which permits appeals from any postjudgment order that affects a party's substantial rights, was not tied to standing or the identity of the moving party. (*Loper*, at p. 1162.)

The compassionate release statute in *Loper required* the trial court to exercise its discretion on the ultimate issue once the Secretary of the Department of Corrections and Rehabilitation submitted its recommendation. (See former § 1170, subd. (e)(3).) Here, Hall's pro. per. motion to modify his sentence is best viewed as merely inviting the court to consider whether it wished to exercise its discretion under section 1172.1. The same considerations that moved our Supreme Court to find the order appealable in *Loper* are not present here.

Because the trial court's order dismissing Hall's motion under section 1172.1 is a nonappealable order, his appeal from that order must be dismissed. (*People v. Mendez, supra*, 209 Cal.App.4th at p. 34.)

**DISPOSITION**

The appeal is dismissed.

_____/s/_____
EARL, P. J.

We concur:


_____/s/_____
BOULWARE EURIE, J.


_____/s/_____
MESIWALA, J.