Filed 11/25/25  P. v. Cain CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

|  |  |
|---|---|
| THE PEOPLE, | C102661 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CR000493) |
| v. | |
| RAY RAY CAIN, | |
| Defendant and Appellant. | |

The trial court summarily denied defendant Ray Ray Cain's motion that he personally filed to modify his sentence based on Assembly Bill No. 600 (2023-2024 Reg. Sess. (Assembly Bill 600) and Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393). The court expressly declined to exercise its discretion under Penal Code section 1172.1 to recall and resentence defendant on its own motion.

Defendant appeals, and his appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v Delgadillo* (2022) 14 Cal.5th 216. Counsel

1

acknowledged there may be a question regarding the appealability of the challenged order. Defendant filed a supplemental brief raising several claims of error at his trial.

We conclude the trial court's order is not appealable, so we dismiss the appeal without reaching the merits of the arguments raised in defendant's supplemental brief.

Undesignated statutory references are to the Penal Code.

BACKGROUND

In September 2022, a jury found defendant guilty of murder involving the infliction of torture (§§ 187, subd. (a) & 190.2, subd. (a)(18)) and reckless evasion of a police officer (Veh. Code, § 2800.2. subd. (a)). Defendant then admitted two strike convictions and a serious or violent felony conviction.

Later in September 2022, the trial court sentenced defendant to life without the possibility of parole plus five years. Defendant appealed, and in March 2024, this court affirmed the judgment. (*People v. Cain* (March 22, 2024, C097421) [nonpub. opn.], review den. May 29, 2024, S284693.) Remittitur issued on May 30, 2024.

In October 2024, defendant filed a petition for resentencing. Relying on section 1172.1, defendant asked the trial court to strike the sentencing enhancements and to reduce or modify his sentence in the interests of justice. He claimed his constitutional rights were violated by juror misconduct.

In November 2024, the court summarily denied defendant's motion and declined to exercise its discretion to recall and resentence defendant on its own motion under section 1172.1. Defendant timely appeals.

DISCUSSION

Before we can consider the issues raised in defendant's supplemental brief (see *People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232), we must first determine whether the trial court's order summarily denying defendant's postjudgment motion to modify his sentence is appealable. (See *People v. Clark* (2021) 67 Cal.App.5th 248, 254.)

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) The question before us is whether defendant's appeal is permissible under section 1237, subdivision (b), which authorizes a criminal defendant to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party."

" 'A trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b).' " (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1085.) An appeal from such an order must be dismissed. (*People v. Mendez* (2012) 209 Cal.App.4th 32, 34.)

"Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) Here, defendant was found guilty in 2022 and began serving his sentence that same year. On March 22, 2024, this court affirmed his judgment on appeal and on May 29, 2024, our Supreme Court denied his petition for review. (*People v. Cain, supra*, C097421.) Defendant's judgment became final 90 days later, on August 27, 2024. (See *People v. Buycks* (2018) 5 Cal.5th 857, 876, fn. 5 ["A judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari with the United States Supreme Court have expired."]; 28 U.S.C. § 2101.) Absent an exception to the general common law rule, the trial court had no jurisdiction in October 2024 to grant defendant's motion to modify his sentence.

Section 1172.1 provides such an exception to the general rule that the trial court loses jurisdiction to resentence a defendant once execution of the sentence has begun. (*People v. King* (2022) 77 Cal.App.5th 629, 637; see also *Dix v. Superior Court* (1991) 53 Cal.3d 442, 448, fn. 3, [interpreting former § 1170, subd. (d), the predecessor statute to § 1172.1].) Section 1172.1 now provides that for persons who, like defendant here, are

committed to state prison based on a felony conviction, "the court may, on its own motion, within 120 days of the date of commitment *or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . recall* the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ." (§ 1172.1, subd. (a)(1), italics added; Stats. 2023, ch. 446, § 2.)

Even assuming the sentencing laws applicable to defendant at the time of his sentencing have since changed, to appeal the trial court's order summarily denying defendant's motion, he must show his substantial rights were affected. (§ 1237, subd. (b).) Defendant cannot make such a showing. Section 1172.1, subdivision (c) states, "[i]f a defendant requests consideration for relief under this section, the court is not required to respond." In other words, the trial court had no obligation to act on defendant's motion.

This court observed in *People v. Roy* (2025) 110 Cal.App.5th 991, 998, petition for review denied, July 16, 2025, S291146, that, "[i]f the trial court is not required to act in response to a defendant's request, then [the] defendant has no right to a decision as to whether the trial court will make its own motion to recall and resentence." The Court of Appeal in *People v. Hodge* (2024) 107 Cal.App.5th 985, 996 similarly concluded section 1172.1, subdivision (c) "undermine[s] any claim that defendants have a substantial right at stake when they file an unauthorized [section 1172.1] request for resentencing." The *Hodge* court explained that this provision "excuses the trial court from any responsibility to rule on such a request, or even to respond. It follows that a defendant who chooses to file an unauthorized request for resentencing has no right to a ruling. The defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one."

4

(*Hodge*, at p. 996.)  In *Roy*, this court agreed with *Hodge*'s analysis, and we see no reason to divert from this reasoning now.

DISPOSITION

The appeal is dismissed.


                                            /s/
                                            MESIWALA, J.


We concur:


 /s/
RENNER, Acting P. J.


 /s/
FEINBERG, J.